### C. C. Dibrell vs. Carlisle & Humphries.

1. Mortgage: *Equitable estate.*
   The *cestui que trust* may bind by mortgage or deed in trust, or lawfully dispose of the trust estate without the assent of the trustee, unless forbidden in the instrument creating such estate.

2. Same: *Married women's separate estate.*
   A married woman may bind the income of her separate estate, and she may also bind the *corpus* of the estate for the purposes specified in the Revised Code of 1857, art. 25, p. 336.

3. Same: Same: *Decree by consent.*
   The recital in the body of a decree that it was made "with the consent of all the parties," precludes them from complaining of it. Yet it would only bind those who are "parties" to the suit, and could not affect the rights of others not made parties to the suit, but who should have been made parties.

Appeal from the Chancery Court of *Chickasaw* County.
Hon. A. Pollard, Chancellor.

This case is now in this court the second time. The facts in the case are voluminous, and the reporters refer, for the facts, to the case as reported in 48 Miss., 691, where it is set out in full.

The following is assigned for error, to wit :

1. The court erred in decreeing against Eliza R. Walker, she not being a party to the proceedings or to the cause.

2. The court below had no jurisdiction of Eliza R. Walker, so as to warrant a decree against her or her property.

3. The court below erred in divesting the title to the land mentioned in the decree out of Eliza R. Walker and investing the same in William De B. Hooper, commissioner, etc., with power to sell, she not being a party to the record or proceedings.

4. The court erred in not divesting the title to said lands out of Carlisle & Humphries, in whom the same was vested· by virtue of the mortgage referred to in said decree, and in investing their title or right in the said William De B. Hooper with power to sell.

5. The court erred in appointing a commissioner to sell after dissolving the injunction, Carlisle & Humphries having the right under the mortgage, themselves to sell after the dissolution.

6. The decree, so far as the same relates to the appointment of the commissioner, is invalid and inoperative, in this, that it only purports to divest the title out of the parties named therein, in the event of a failure to pay the sum therein mentioned at the time specified, and is not an absolute divestiture, but contingent upon the happening or not happening of an event *in pais*.

7. The court erred in confirming the report of the sale of the land, when it appears from the record and papers in the cause that the sale was of the entire land and for the whole debt, when but one of the installments was due.

8. The court erred in confirming the sale of the commissioner, inasmuch as no such legal title was invested in him as to empower him to sell the fee to said land.

*Davis & McFarland,* for appellant.

*Gholson & Hooper,* for appellees.

[Reporters find no briefs in the record.]

SIMRALL, J., delivered the opinion of the court.

This case was formerly in this court, when the character of the trust estate in Mrs. Walker was considered and determined, and also the scope and effect of the mortgage of the trust property, executed by herself and husband to Carlisle & Humpries. Reference is made to the report of the case (48 Miss., 691), both for the statement of the material facts, and the principles of law.

It was held as the law of the case that Mrs. Walker took, under the trust deed, a complete equitable estate, with the same powers of charging and disposing of it as if the legal estate had been conveyed to her. There being no limitation, restriction or direction on the subject in the deed, she could charge and incumber her equitable estate so far as allowed, and for all the purposes named in the statute (married women's law of 1857). The mortgage, it was held, executed by herself and husband, was a valid incumbrance, and bound the *corpus* of the estate for so much of the debt as she was competent to contract, and the income of the property as to the balance, which alone was obligatory at law upon the husband. This debt was represented by the promissory note of Mrs. Walker and her husband to the mortgagees.

These resolutions of the court were declared on an appeal from an interlocutory order, dissolving the injunction which Debrill, the trustee for Mrs. Walker, had obtained, restraining Carlisle & Humphries from making a sale under their mortgages, which communicated to them that power.

Upon the return of the case to the chancery court, testimony was taken for the purpose of showing the origin of the indebtedness to the mortgagees; how much of it should be charged on the *corpus* of the estate, and how much on its rents and income; also to show a confederation to induce Mrs. Walker to make the mortgage; but this latter effort was unsuccessful.

The court referred it to the master to take an account upon the coming in of the report. No exceptions were filed, and it was confirmed.

The final decree, to which Debrill has prosecuted this writ of

error, recites that it was made with the consent of all the parties, and directs that the premises be sold, or so much as might be necessary, to pay the debt for which the *corpus* of the property was bound, and Hooper was named as commissioner to execute it. A small part of the debt, $500, was charged upon the income.

. The recital in the body of the decree, that it was made with the consent of all the parties, precludes them from complaining of it.

But Debrill insists in this court that it was error in the chancery court to determine the amount of the indebtedness and to foreclose the mortgage executed by Mrs. Walker on her separate estate, she not being a party to the suit.

Mrs. Walker incumbered the estate without the concurrence of her trustee. The deed had the effect to bind her equitable interests in the property. In reality, she was the mortgagor and debtor to Carlisle and Humphries.

It would be paradoxical to make a decree ascertaining and fixing the amount of the debt, and foreclosing a mortgage, without making the mortgagor and debtor a party defendant. Although the mortgagees had a power of sale, it would be most prudent, in cases of married women, to submit the rights of the mortgagees to the adjudication of a court of equity. The creditor may, in all such cases, forbear to execute the power, and submit to the decision of the court. If, as held in this case, the mortgage took effect in part on the *corpus* of the property, and in part on the income, it would be difficult to execute the power, *in pais*. It is operated exclusively upon the income. A sale by the mortgagee manifestly would not pass the legal title. All that the creditor could exact in that case, would be that a court of equity should so deal with the property as to apply the income to his debt, as by placing it in the hands of a receiver for that purpose.

Plainly any decree of foreclosure would not conclude Mrs. Walker. As debtor, she was interested in the account to be taken. As equitable owner of the property, which was security for the debt, she was deeply concerned whether it should be sold, or placed in the hands of a receiver, to control the income.

But the chancery court, without a cross bill, seeking a foreclos-ure by the mortgagees, or any form of pleading looking to that relief, assumed to make the decree on a bill brought by Debrill enjoining the sale advertised to be made by Carlisle and Hum-phries. If Debrill failed to sustain the allegations of his bill, all that the court ought to have done was to have dismissed his bill, and thereby have dissolved his injunction.

Mrs. Walker is not bound by the decree; nor are her rights affected by it.

But Debrill, the appellant, having assented to it in open court, cannot be heard to complain because Mrs. Walker was not made a party to the suit.

Decree affirmed.