### MATTIE JOHNS *v.* JAMES R. JOHNS.

1. DIVORCE. *Cruel treatment. Personal violence.*
   Persistently cruel and inhuman treatment, occasionally characterized by personal violence, so as to beget the apprehension that it will occur again whenever fury impels the offender, is, under Code 1871, § 1767, cause for a divorce from the bond of matrimony.

2. SAME. *Infant children. Custody.*
   On granting the divorce, the custody of the infant children of the marriage should be given to the mother, if they are so young as to need her care and attention.

APPEAL from the Chancery Court of Jefferson County.
Hon. THOMAS Y. BERRY, Chancellor.

The appellant filed this bill against the appellee, her husband, for a divorce upon the ground of habitual, cruel and inhuman treatment, and further alleging that she was devoted to her two little children with that love and affection that only a mother can know and feel, that she was able and willing, and desirous above all else in the world to maintain, support, provide for and cherish them, that her husband, who drove her away by threatening to kill her, and who retained the children, was, owing to his inability to provide, and his wicked, debased and desperate character, unfit to have their custody, and that owing to the tender years of the infants, she was the only one who could give them the care and attention which they needed, prayed, in addition to the decree of divorce, that the court would decree the care, custody and maintenance of the children to her. The appellee answered, denying the allegations, proof was taken, and, on final hearing, the chancellor dismissed the bill.

*J. J. Whitney*, for the appellant.

The Chancellor refused the divorce on the ground that the

appellant could not prove the personal violence to be as frequent as the other inhuman treatment. Such a construction renders it impossible to obtain a divorce on this ground. The statute must be reasonably construed. The language, "habitual, cruel and inhuman treatment," in Code 1871, § 1767, must have some meaning, otherwise the ground provided by the legislature would have been "constant personal violence." Such husbands are not in the habit of calling witnesses to their cruel acts. In a case like this, it would be not only inequitable, but inhuman, if the law gave no relief.

*Thomas Reed*, on the same side.

The evidence showed that the husband's treatment of his wife was not only habitually cruel and inhuman, but was also frequently marked by personal violence. The Chancellor evidently misconstrued Code 1871, § 1767. By dismissing the bill, she was deprived of her two infant children. Her ability to support them was fully shown, and owing to their tender age, they need her care. The father is manifestly an unfit custodian. By a long continuance of ill-usage, culminating in the violent threat which drove off his wife, he has exclusive control of the children, who should be restored to a mother's care.

No counsel for the appellee.

CAMPBELL, J., delivered the opinion of the court.

"Habitual, cruel and inhuman treatment, marked by personal violence," is cause for a divorce from the bond of matrimony. Code 1871, § 1767. The clause, "marked by personal violence," defines the kind or degree of treatment which is cause for a divorce. Cruel and inhuman treatment, practised by one of the married parties towards the other, with such persistency as to have become the accustomed conduct of the party, and which is characterized by "personal violence," entitles its victim to a divorce. This treatment must be *habitual*. A single act of violence ordinarily would not suffice. It might never be repeated. It need not have been frequent. It is not necessary for personal violence to attend the daily intercourse of the parties. If the treatment is persistently cruel and inhuman, and it is occasionally characterized by personal violence, *so as to beget the apprehension that it is liable*

*to occur again* at any time, when the fury of passion may impel the offender, it is sufficient. Prior to the statute, such cruelty was ground for a divorce *a mensa et thoro*. *Kenley* v. *Kenley*, 2 How. 751. 1 Bish. Marriage and Divorce, § 715 *et seq.*

These parties were married in 1872, and in 1873 they had a temporary separation, after blows inflicted on the wife by the husband. A reconciliation took place, and the parties lived together, with much unhappiness, as is shown, until January 15, 1878, when the wife left her husband, and soon afterwards exhibited her bill for a divorce. The evidence shows a want of congeniality between these parties, from which it is probable their misery has sprung. The wife is shown to be affectionate, amiable and submissive. The husband is coarse, vulgar, profane, and wanting in affectionate regard for his wife. He was in the habit of wounding her feelings ; often cursed her ; sometimes kicked her implements of industry about the house or out of doors, in his fury ; and twice in 1877, as the evidence shows, struck and choked her ! What promise of good results is there from a continuance of the marriage relation between these parties ? Judging the future by the past, it can result only in continued unhappiness, with a just apprehension, on the part of the unoffending wife, of being the victim of the fury of her husband in moments of anger, liable at any time to be inflamed by the most trivial circumstance, and to find expression in personal violence to her. The law does not doom her to such a state of continual dread. The " habitual, cruel and inhuman treatment, marked (in several instances) by personal violence " of her husband towards her, entitles her to a decree severing the bond that binds her as wife to the husband who has so mistreated her.

The fruits of this unfortunate marriage are two children, one about four years old, and the other about two years of age. They should be with their mother. They need her care and attention. They would have been with her but for the breach .of his marital duties by their father, which drove the mother from her home. The decree will be reversed and cause remanded for a decree to be entered granting a divorce and awarding the custody of the children to the appellant.

*So ordered.*