GERTRUDE TURNER v. WILSON P. TURNER.

[46 South., 413.]

1. PARENT AND CHILD. *Custody of child. Separated parents.*

The custody of a two-year-old child should not be divided between its separated parents.

2. SAME. *Case.*

Facts of the case considered and conclusion reached that the custody of the child should have been awarded to the mother, the court reserving the right to alter the decree should changed conditions warrant it.

FROM the chancery court of Yalobusha county.

HON. ISAAC T. BLOUNT, Chancellor.

Wilson P. Turner, appellee, was plaintiff or petitioner in the court below; Gertrude Turner, appellant, his wife, was relator or defendant there. The suit was an *habeas corpus* proceeding for the custody of their two years old son, Wilson Hudson Turner. The court below awarded the child's custody alternately to each parent for a term of three months, providing that while the child was with one parent, the other should be permitted to visit and see it at all reasonable times. From a decree so awarding and providing, Mrs. Turner appealed to the supreme court.

In so far as necessary to an understanding of the opinion of the court the facts are therein stated.

*Creekmore & Stone,* for appellant.

The extreme youth of the child, of itself alone, is sufficient to require that its mother, a woman of good character, be given the sole and exclusive custody of it until it has reached an age when it can be cared for properly by its father. *McShan* v. *McShan,* 56 Miss., 413; *Verser* v. *Ford,* 37 Ark., 27; *Chapsky* v. *Woow,* 26 Kan., 650; *Sturdivant* v. *State,* 15 Neb., 459; *Jones* v. *Dar-*

*nall,* 103 Ind., 569; *Drumb* v. *Keen,* 47 Iowa; *Stringfellow* v. *Somerville,* 95 Va., 687; 40 L. R. A., 625.

All the above cases are discussed in the opinion of the court in the case of *Hibbette* v. *Baines,* 78 Miss., 695, 29 South., 80.

*James McGowen,* for appellee.

Turner's testimony shows that in good faith he offered a home to wife and baby to be chosen by her, and showed his ability financially and otherwise to make good his offer. Mrs. Turner meets this by saying she doesn't love her husband, but all the evidence produced would not entitle her to a divorce, nor justify the separation. The father and husband is entitled under the laws to select the domicile and is the head of the family.

The find of the court below on the facts is *prima facie* correct and will not be disturbed unless manifest error has been committed.

The decree is temporary and no question of law is involved; therefore, the decree appealed from should be affirmed.

At the common law the father has the paramount right to the custody of his children against the world. 21 Am. & Eng. Enc. of Law (2d ed.),; *Cocke* v. *Hamuer,* 39 Miss., 423.

Whitfield, C. J., delivered the opinion of the court.

On the facts in this record, concerning which we do not care to go into detail, it is sufficient to say that we cannot concur in the decree of the learned chancellor in dividing the custody of this boy, less than two years old when this decree was entered, between his mother and his father. No child of that age should have his custody thus alternatively shifted, especially where the mother is living and a competent person to care for the child. We refrain purposely from setting out the evidence in detail, contenting ourselves simply with saying that it is abundantly shown that the father and mother of the mother are people of large means, abundantly able to provide for this child, and that the mother is living with them and, on the case made as to the

right of the father or mother to the custody of this child, we think the best interests of the child will be subserved by awarding its custody to the mother, with a clause in the decree reserving the right to alter or modify the decree on some future application, if changed conditions and the testimony at that time should warrant.

The decree is reversed, and the cause remanded, with instructions to enter such a dcree in the court below.

*Reversed.*