### KENNEDY *v.* KENNEDY.

No. 39325          December 13, 1954          76 So. 2d 375

*Colin L. Stockdale, V. J. Stricker, Jr.,* Jackson, for appellant.

*W. E. McIntyre, Jr.,* Brandon, for appellee.

ARRINGTON, J.

The appellant, Mrs. Jeanine Kennedy, filed suit in the Chancery Court of Rankin County against appellee, Dan Henry Kennedy, Sr., wherein she sought a divorce upon the ground of habitual cruel and inhuman treatment and for the custody of the only child of their marriage, Dan Henry Kennedy, Jr. She also asked for alimony, support money for the child, and attorney's fees. The appellee answered and filed a cross-bill, praying for a divorce and custody of the minor child. From a decree denying appellant a divorce, full custody of the minor child, support for said child, and attorney's fees, the appellant appeals. There is no cross-appeal.

The child, who was born on December 6, 1949, and was less than four years of age when the case was heard, resided with his mother after the separation of the parents in August, 1952. On April 13, 1953, a temporary order was entered permitting appellee to have the minor child one week out of each month. Appellant was employed at a salary of $30 a week and lived with her mother in Jackson, Mississippi. Appellee lived with his parents in Brandon, Mississippi, and according to his testimony, was making $75 a month at the time of the hearing. Upon final hearing on September 23, 1953,

the court held that neither the complainant nor the defendant had shown facts that would entitle them to a divorce, and the custody of the child was alternated between the parents each month until further ordered by the court. No support money for the child or attorney's fees were allowed. Costs were assessed equally against the parties.

██ By alternating the custody of the child between the parents, the court necessarily found that each parent was a fit and suitable person to have the custody of the child, and that each home was a fit and suitable place for the child. We have carefully examined the testimony of the witnesses in this case and can not say that the chancellor was manifestly wrong in denying the divorce, nor that his decision was against the overwhelming weight of the evidence. ██ However, the paramount consideration in awarding the custody of a child is its welfare. We are of the opinion that it is not to the best interest of a young child that it be alternatively shifted from parent to parent. It has long been the rule in this State that the custody of a child of young and tender age should be awarded to the mother where she is living and competent to care for the child.

In the recent case of Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1, this Court said: ''Neither father nor mother has any paramount right over the other concerning the custody of a minor, where such custody would not adversely affect the child's welfare. Code of 1942, Sec. 399. The paramount consideration is the child's welfare. And the chancery court has a broad discretion in determining that factual issue. Code Sec. 2743. But that discretion should be exercised in the light of an established rule of this and other courts in such cases. It is well stated in Amis, Divorce and Separation in Mississippi (1935), Sec. 219, page 296: 'In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her

custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons.'

"Judge Amis discusses a number of decisions so holding, beginning with Johns v. Johns, 1879, 57 Miss. 530. For example, in Turner v. Turner, 1908, 93 Miss. 167, 46 So. 413, the controversy was over the custody of a two year old boy. Each parent had been given the child's custody alternately for a term of three months. It was there said: 'We cannot concur in the decree of the learned chancellor in dividing the custody of this boy, less than two years old when this decree was entered, between his mother and his father. No child of that age should have his custody thus alternatively shifted, especially where the mother is living and a competent person to care for the child. * * * on the case made as to the right of the father or mother to the custody of this child, we think the best interests of the child will be subserved by awarding its custody to the mother * * * .' This seems to be the rule uniformly adopted also in other states. 17 Am. Jur., Divorce and Separation, Sec. 683; 27 C. J. S., Divorce, Sec. 309(c), page 1172."

The decree of the chancellor in denying a divorce to either party is affirmed; decree is here entered awarding custody of the child to the mother; and the cause is remanded for the chancellor to determine upon another hearing reasonable rights of visitation by the father with the child at the home of the mother, and to determine the amount that the father should pay for the support and maintenance of the child. Costs are assessed against the appellee.

Affirmed in part, reversed in part, and decree here, and remanded.

*Roberds, P. J.,* and *Lee, Ethridge,* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

January 10, 1955                    76 So. 2d 850

ETHRIDGE, J.

Point two of the suggestion of error is well taken, insofar as it asserts that the father is unduly limited in his rights of visitation by the phrase in the last paragraph of our original opinion confining his visitation rights with the child "at the home of the mother." That quoted phrase is hereby withdrawn from our original opinion and the judgment thereon. To that extent only the suggestion of error is sustained.

Suggestion of error overruled in part, and sustained in part.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.