## Nowell *v.* Nowell

Nos. 43187, 43453        November 2, 1964        168 So. 2d 301

*William G. Burgin, Jr.,* Columbus, for appellant.

*James E. Brown,* Starkville, for appellee.

ETHRIDGE, J.

These two cases, consolidated for hearing, involve custody of a child under a divorce decree, and a subsequent proceeding for a judgment for accrued child-support payments and civil contempt in failure to make them.

## NO. 43,187

James I. and Shirley Arney Nowell were married in 1958. Rhonda Leigh Nowell was born to them on December 7, 1959. In February 1961 Mr. Nowell filed his bill for divorce against his wife, and prayed for custody of their minor child. She answered, and by cross bill asked for a divorce and custody. After a hearing, the Chancery Court of Oktibbeha County, on April 6, 1961, denied the cross bill, and granted a divorce to Mr. Nowell on the ground of desertion. The court found both parties were morally qualified to have the care and custody of their child; that each of these young people were living in the homes of their respective parents, which were fit and suitable places for the child to be reared. It ordered the father to pay to Mrs. Nowell for the support of their child $30 per month while Rhonda was in her custody, and to pay attorneys' fees.

At the time of the decree, Rhonda was fifteen months of age. However, the court set up an elaborate system of divided custody between the parents. For April and May 1961, on Wednesday of each week, from 8:00 A.M. to 5:30 P.M., Rhonda's custody was vested in the father, and during the remainder of the months, in the mother. During June and July 1961, the father's custody was extended to two days in each week, Wednesday and

Thursday, same hours, and for the remainder of the months in the mother. For August and September 1961, her custody was granted to the father for one week out of each month, designating those weeks, and the mother had her for the remainder of the months. Beginning with October 1961, custody of the child would be alternated between the parents by the month, each of them having her on alternate months, "arranged so that the child shall spend the month of December and Christmas with the defendant, . . . on the even years, and with the complainant . . . on the odd years, that is, years whose numbers end in even numbers and in odd numbers, respectively."

Rhonda had lived exclusively with her mother for her entire life up to the time of the decree, when she was fifteen months of age. The chancellor denied supersedeas, but a Judge of this Court, on April 21, 1961, granted it as to the custody provisions of the decree, pending decision by this Court on an appeal. Although the proper appeal bonds were filed, the transcript and record in this case were not prepared until early this year. Mrs. Nowell appealed from that part of the decree alternating Rhonda's custody, but does not complain of the divorce granted to appellee.

█ █ Custody of a child of young and tender age should be awarded to the mother where she is competent to care for it. Rhonda was only fifteen months of age at the time of the decree of the chancery court, which is the controling date insofar as reviewing it is concerned. This rule has long been established in this State. Brown v. Brown, 237 Miss. 53, 112 So. 2d 556 (1959); Kennedy v. Kennedy, 222 Miss. 469, 76 So. 2d 375 (1954); Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1 (1952); Johns v. Johns, 57 Miss. 530 (1879); McShan v. McShan, 56 Miss. 413 (1879); Bunkley and Morse, Amis on Divorce and Separation in Mississippi, sec. 8.05 (1957).

We see no reason here for deviating from this rule, since no special circumstances warrant such departure. In fact, the evidence reflects that appellee evidenced little interest in the child for her first fifteen months of life, and that he had made only a minimum contribution to her support. Rhonda had been living exclusively with her mother since birth. The maternal grandmother took care of her during the day while the mother worked. The chancellor found that Mrs. Nowell was fit to have her custody, and could supply a proper home. In the absence of exceptional circumstances warranting departure from the rule, it is not to the best interest of a young child that it be shifted alternately from parent to parent. Kennedy v. Kennedy, *supra;* Turner v. Turner, 93 Miss. 167, 46 So. 413 (1908). If there is a material change in conditions, the chancellor may reconsider this question.

Accordingly, that part of the decree of the chancery court shifting custody between the two parents is reversed, and judgment is rendered here awarding full custody to appellant, the mother, subject to the right of reasonable visitation of the child by her father. In other respects the decree is affirmed.

Reversed in part, and judgment rendered for appellant as to custody of child; in other respects, the decree is affirmed.

## NO. 43,453

In November 1963, Mrs. Nowell filed a petition to cite appellee for contempt of court, because of his failure to make the child support payments. She requested a decree for accrued payments.

The chancery court found that Mr. Nowell had paid only $150 in child support, and he owed $840, plus $200 attorney's fees. The court said that apparently the animosity between the parties had continued, and failure of appellant to accord appellee reasonable visitation rights was one cause of his failure to make the child

support payments. No. 43,187, the divorce and custody case, was then on appeal to this Court. Although adjudicating the arrearage of child support payments, the court stated that it would pretermit disposition of any judgment as to them, until the first term of court after the decision of the Supreme Court, and no execution would be allowed until that time. Its decree of February 27, 1964 ordered Mr. Nowell to pay immediately to appellant for support of the child $30, to pay thereafter each month $30, and to make monthly payments on the attorney's fees. It authorized an appeal to this Court. It declined to find Mr. Nowell in contempt of court because the "facts (do not) justify such a holding." The chancellor apparently concluded that Nowell's lack of income during the intervening period, and at the time of the hearing, when he had a job as a laborer in Georgia making relatively small wages, did not justify a finding of wilful refusal to comply with terms of the decree.

██ ██ Since the chancellor found that appellee was without property or funds, except a $40 bank account, and that he had only a laborer's job at wages insufficient to pay child support at the time, we affirm the chancellor's refusal to find appellee guilty of civil contempt of court. This was largely in his sound discretion.

██ ██ The chancery court will also be affirmed on that part of its decree withholding execution on accrued child support payments, until this Court decided the custody case. The decision of the appeal pending at that time, and considerations pertinent to appellee's ability to pay and the method of payment were relevant considerations. Events intervening between the custody decree and this Court's judgment may also be pertinent. After the judgments of this Court in the two consolidated cases are rendered, appellant may apply to the chancery court for any further relief she may be entitled to have. The decree in No. 43,453 is affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.