ROBERTSON, Justice.
This case involves the custody of a three year old girl. The mother has appealed from a decree of the Clay County Chancery Court dismissing the father’s petition to modify a former decree, and also dismissing the mother’s cross-petition to modify the former decree. A decree providing for a change of custody of the child every three months is thus left in full force and effect.
Linda S. (Pettit) Gardner, the mother, was awarded a divorce from Thomas L. Pettit, the father, on May 19, 1965. At that time the mother was 20 years of age and the father 24 years of age. The agreed custody provisions of the decree provided that the father would have the little girl, who was then 21 months of age, from May 19, 1965, to June 1, 1965. The mother would then have the child for one month. The father would then take custody from July 1, 1965, to October 1, 1965, and thereafter each parent would have the child for 3 months at a time. The mother married Dickson E. Gardner on May 22, 1965, and again on July 16, 1965, when it was discovered that the term of court during which the divorce was granted had not ended when they first married. The father married again on June 5, 1965.
We agree with the chancellor that both of the parties had their future mates picked out when the divorce was granted on May 19, 1965, because each remarried within 18 days of the decree. By approving the decree providing for split custody, the chancellor necessarily found that both the mother and father were fit, suitable and proper parents to rear their daughter.
The sole question before the lower court and now before this Court is: Which parent can best take care of the three year . old daughter ? She is the completely innocent party in this divorce suit, and yet, she is the one who will suffer most from the breakup of the home.
The father, Thomas L. Pettit, filed a petition to modify the decree as to custody only on July 14, 1965, and the mother, Linda S. (Pettit) Gardner, filed her answer and cross-petition praying for a change in the custody of their daughter on August 6, 1965. So as stated by the chancellor in his written opinion, “Both parties now feel that this *697 is an unwise arrangement and that the child ■will suffer as a result of this custody arrangement.”
Both parents as a result of their remarriage have established comfortable homes which would be suitable for the little girl.
Thomas L. Pettit’s new wife has a four year old son by a previous marriage who is living with them, and she also works from .7:30 A.M. to 4:00 P.M., five days a week. While she works, her mother takes care •of her four year old son and three year •old Christine Pettit when she is with her father.
Mrs. Linda S. (Pettit) Gardner does not work and testified that she could devote her full time to the rearing of her daughter, ■Geri Christine Pettit, and maintaining a home for her.
This Court has held many times that alternating the custody of children is not for their best interests and welfare. In the case of Turner v. Turner, 93 Miss. 167, 168-169, 46 So. 413-414 (1908) where the custody of a two year old son was switched every 3 months from mother to father, this Court, speaking through Chief Justice Whitfield, said:
“ * * * we cannot concur in the decree of the learned chancellor in dividing the custody of-this boy, less than two years old when this decree was entered, between his mother and his father. No child of that age should have his custody thus alternatively shifted, especially iwhere the mother is living and a competent person to care for the child. * * * we think- the best interests of the child will be subserved by awarding 'its custody to the mother, with a clause in the decree reserving the right to alter or modify the decree on some future application, if changed conditions and the testimony at that time should warrant.” (Emphasis added.)
In Nowell v. Nowell, 250 Miss. 805, 809-810, 168 So.2d 301, 303-(1964) custody of a fifteen month old girl was divided between the mother and father at one month intervals. This Court, speaking through Justice (now Chief Justice) Ethridge, said:
“Custody of a child of young and tender age should be awarded to the mother where she is competent to care for it. Rhonda was only fifteen months of age at the time of the decree of the chancery court, which is the controlling date insofar as reviewing it is concerned. This rule has long been established in this State.”
“ * * * »
“The chancellor found that Mrs. No-well was fit to have her custody, and could supply a proper home. In the absence of exceptional circumstances warranting departure from the rule, it is not to the best interest of a young child that it be shifted alternately from parent to parent. Kennedy v. Kennedy, [222 Miss. 469, 76 So.2d 375] supra; Turner v. Turner, 93 Miss. 167, 46 So. 413 (1908). If there is a material change in conditions, the chancellor may reconsider this question.
“Accordingly, that part of the decree of the chancery court shifting custody between the two parents is reversed, and judgment is rendered here awarding full custody to appellant, the mother, subject to the right of reasonable visitation of the child by her father. In other respects the decree is affirmed.” (Emphasis added.)
We find that the decree of the lower court awarding alternate custody to the mother and father every three' months is not for the best interests and welfare of their three year old daughter and that the decree of the chancery court should be reversed and judgment rendered here awarding full custody to the appellant, tíie mother, subject to the right of reasonablé visitation by and with the father. Wé would expect the mother and father, in the best interests of their daughter, to agree on reasonable visits of the little girl with her father in his new home.
*698 We direct the attention of the parties litigant to the pertinent provision of Section 2743 of the Mississippi Code of 1942 Annotated, which provides:
“ * * * and the court may after-wards, on petition, change the decree, and make from time to time such new decrees as the case may require.”
Judgment reversed and judgment here for appellant
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.