GILLESPIE, Presiding Justice:
The appellant filed against her husband in the Chancery Court of Washington County a bill for divorce, alimony and custody of the minor child of the parties. The court heard the case on the merits and dismissed the bill for divorce and awarded appellant, the wife, custody of the child and provided that the husband should have custody of the child during July and August of each year, with both parties having reasonable visitation rights. The wife appealed.
*188 The wife first contends that the trial court erred in not granting her a divorce on the ground of cruel and inhuman treatment. The argument on this question consists for the most part of a discussion of the evidence favorable to appellant, and the fact that the husband admitted slapping his wife on one or two occasions. We have carefully reviewed the testimony and we cannot say the chancellor was manifestly wrong in his conclusion that the wife failed to meet the burden of proof on the issue of cruel and inhuman treatment. He could have found that the few times that the husband admitted slapping his wife were so remote in time from the date of separation that these acts were not the proximate cause of the separation. Other evidence offered by the husband was sufficient to convince the chancellor that the husband was not guilty of the charge of cruel and inhuman treatment. It would serve no purpose to detail the evidence.
The next assignment of error involves the matter of custody of the male child born to the parties on November 19, 1962. The child was about four and a half years old when the case was tried and is now about five and a half. The husband lives with his parents since the separation. The child’s paternal grandfather drinks too much at times, but both he and his wife testified that the grandmother does not permit the grandfather to drink at home. The evidence justified the finding that the father is a fit and suitable person to have the custody of the child during two months in the summer and that the environmental conditions at the grandparents’ home are not detrimental to the child. The only question that presents any difficulty on this assignment of error is whether this case is controlled by such cases as Gardner v. Pettit, 192 So.2d 696 (Miss. 1966) and Bland v. Stoudemire, 219 Miss. 52, 69 So.2d 225 (1954) wherein this Court said that alternating custody of a child of tender years is not for its best interest. But even in cases of this type the chancellor is vested with a large measure of discretion, to be exercised wisely to meet the facts of each particular case. Bunkley & Morse, Amis on Divorce, § 8.05 (1957). In this case the chancellor was careful to have all the relevant facts before him and on his own motion had a second hearing for further evidence on the question of custody. We are not in a position to say that the chancellor erred in permitting the father to have custody of this child for two months in the summer. This child is now of school age, or will be by the beginning of the next school year. It is important for a child to have the guidance of a father as well as the special care that only a mother can give. We cannot say that the two summer months with the father are undesirable for the child. We prefer to leave this matter to the sound discretion of the chancellor.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.