GILLESPIE, Presiding Justice:
This is an appeal by Edna Mayo Huff-stickler Holliday (hereinafter mother) from a decree of the Chancery Court of Quit-man County, Mississippi, in a child custody case wherein one small child was awarded to the mother and the other to the father, Jerry Lynn Huffstickler (hereinafter father).
On August 27, 1968, the mother obtained a decree for divorce against the father. The court awarded the custody of the two children to the mother. No alimony or child support could be awarded because service of process was by publication. The children are Caren Camille Huffstickler, born August 15, 1964, and Jerry Lynn Huffstickler, Jr., born January 21, 1966. Thereafter, the mother, who had in the meantime remarried, filed a petition for modification of the divorce decree and requested alimony and support for the minor children. The father filed a cross-bill for modification of the decree with reference to the custody of the children. After a hearing, the transcript of which does not appear in the record, the court entered a decree on October 30, 1969, awarding custody of the two children to the maternal grandparents and the paternal grandparents, providing that the custody of the children alternate monthly thereafter, and ordering the father to contribute $125 per month to the support of the children.
Two months later, the mother filed a petition for change of custody, and the father filed a cross-bill. The testimony showed that alternating the children’s custody from month to month was not for the best interests of the children, and the children were nervous, insecure, and undisciplined. After a full hearing the chancellor entered another decree on April 24, 1970, in which he separated these children of tender age and gave custody of the little girl to the mother and custody of the little boy to the father with reasonable rights of visitation. The decree further provided that the father could have the little girl for three weeks during the month of July and the mother could have the little boy for three weeks during the month of August. He allowed the mother $75 per month support money for the little girl. From this decree the mother appealed.
The evidence shows that the mother is a fit and suitable person to have the custody of these children. The chancellor has a wide discretion in custody matters; however, we hold that the chancellor’s decree was manifestly wrong in awarding the custody of the boy to his father. The boy is of tender years and requires the mother’s care for his welfare. His custody should have been awarded to the mother. Brown v. Brown, 237 Miss. 53, 112 So.2d 556 (1959); Bunkley and Morse’s, Amis on Divorce and Separation in Mississippi § 8.-05, p. 217 (1957). There is no evidence in the record to justify the denial of the mother’s care. This child must either live in the home of a stepmother or a stepfather. The presumption is that the child’s own mother will give it more love, care, and understanding than any other person. The woman of the house is the one with whom a child spends the most time, and she has the principal role in the hour-by-hour and day-by-day care of a child of tender age.
There is an additional reason why the chancellor was manifestly wrong in awarding the custody of Jerry Huffstickler, Jr. to the father. The children were first awarded to the mother, then shuttled back and forth between the grandparents, and finally, were separated from each other. Under these circumstances, the separation of the children is calculated to impose additional emotional strain, adding to their insecurity. There is no discernable reason in the record why these children should be separated.
We therefore reverse that part of the decree awarding custody of Jerry, Jr. to his father and that part of the decree providing for the father to have Caren Camille for three weeks in the month of July. *600 Otherwise the decree is affirmed. The custody of Jerry, Jr. is awarded to his mother so that she shall have custody of both children, the father to have reasonable rights of visitation. The judgment of this Court shall provide that the father, Jerry Lynn Huffstickler, shall pay to the mother, Edna Mayo Huffstickler Holliday, the sum of $125 per month for the support of the two children (the same amount heretofore fixed by the chancellor for their support when the grandparents had custody).
Reversed and rendered.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.