293 So.2d 454 (1974)
Janis McCORMICK
v.
George E. McCORMICK, Jr.
No. 47423.
Supreme Court of Mississippi.
April 22, 1974.
Rehearing Denied May 13, 1974.
Daniel P. Self, Jr., Robert W. Bailey, Meridian, for appellant.
Robert H. McFarland, Bay Springs, for appellee.
WALKER, Justice:
This is an appeal from the Chancery Court of the First Judicial District of Jasper County, Mississippi, where the appellant, Janis McCormick, sued appellee, George E. McCormick, Jr., for divorce on the grounds of habitual cruel and inhuman treatment and asked for custody of their four-year-old child, alimony and child support. The appellee answered denying the above allegations and filed a cross-bill against the appellant charging her with desertion and asking for custody of the child for a reasonable time during the summer months and the right to visit the child at reasonable times throughout the year.
*455 After a full hearing on the bill and cross-bill, the chancellor awarded custody of the child to appellant, Janis McCormick, subject to the right of George E. McCormick, Jr. to have said child visit him in the home of his parents in Jasper County, Mississippi, from June 15 through August 15 of each year with the complainant having reasonable visitation rights during this two-month period; that the appellee would be entitled to the right of visitation with said child on the third weekend of each month beginning at five p.m. on Friday until five p.m. on the following Sunday in the City of Nashville, Tennessee, or at such other place as the said Janis McCormick shall reside; and subject to the further condition that George D. McCormick, Jr. would have the right to have the child in his care and custody from four p.m. on December 23 until five p.m. on December 26 of each year.
The chancellor imposed the further provision that the appellant post a bond in the amount of $2,500 conditioned upon the faithful performance of the orders of the court as to the child's custody before the child could be removed from the State of Mississippi. The chancellor further provided that George E. McCormick, Jr. should pay to Janis McCormick the sum of $75 per month toward the support of the minor child.
The record reveals that George E. MCormick, Jr. and Janis McCormick were married in Donelson, Davidson County, Tennessee, on April 10, 1968, and thereafter lived together as man and wife until February 5, 1971. During this time there was born unto the union one child, namely Lauri McCall McCormick, who is now six years of age, but at the time of the hearing was four years of age.
The appellee has a degree in industrial management from the University of Mississippi, and the appellant attended Cumberland College but does not have a degree. During the course of the marriage, the parties lived in Nashville, Tennessee, where the appellee was employed at a salary of $1,000 per month, while appellant performed the duties of a housewife and looked after the minor child. The couple encountered financial difficulties and were so heavily in debt that bankruptcy was contemplated. Unable to cope with the situation in which they found themselves, they decided to move to Jasper County, Mississippi, where they lived with the appellee's parents on the family farm.
Thereafter, appellee and his father entered into an arrangement whereby the appellee was to receive a share of the profits from the farming operation which he testified netted him the sum of $1,041 during the year 1971. In addition, the appellee and his family were provided two rooms in the family home, food and other necessities. The appellee worked full-time in the farming operation and at times was assisted by the appellant in these duties. This arrangement lasted from approximately February 12, 1970, until February 5, 1971, at which time appellant, being dissatisfied with the arrangement and not having a home of her own, moved back to Nashville taking the child with her. On January 21, 1972, appellant filed her original bill of complaint for divorce.

I.
The appellant assigns as error that the court erred in granting the appellee the right to have the daughter of the parties visit with him for a two-month period during the summer.
It is the appellant's contention that allowing Lauri McCormick to visit with the appellee in Jasper County, Mississippi, for a two-month period during the summer is not in the best interest of the child for the reason that such a separation from the mother is too long for a child of this age. In support of this argument, the appellant attempts to equate the two-month custody award with "alternating custody" arrangements which have been condemned by this Court. For instance, provisions whereby a *456 child's custody will alternate monthly or tri-monthly have, on numerous occasions, been declared to be against the best interest of the child. See Holliday v. Huffstickler, 245 So.2d 598 (Miss. 1971); Gardner v. Pettit, 192 So.2d 696 (Miss. 1966); Kennedy v. Kennedy, 222 Miss. 469, 76 So.2d 375 (1954).
However, the provisions in the case at bar allowing the appellee to have custody of the child for two months during the summer bear no resemblance to the provisions found in the cases cited by the appellant and are therefore readily distinguishable. Furthermore, provisions for summer custody of minor children have been approved by this Court in a number of cases. In the case of Brownell v. Brownell, 209 So.2d 187 (Miss. 1968), wherein the custody of a four and one-half year old child was at issue, this Court made the following statement:
The evidence justified the finding that the father is a fit and suitable person to have the custody of the child during two months in the summer and that the environmental conditions at the grandparents' home are not detrimental to the child. The only question that presents any difficulty on this assignment of error is whether this case is controlled by such cases as Gardner v. Pettit, 192 So.2d 696 (Miss. 1966) and Bland v. Stoudemire, 219 Miss. 526, 69 So.2d 225 (1954) wherein this Court said that alternating custody of a child of tender years is not for its best interest. But even in cases of this type the chancellor is vested with a large measure of discretion, to be exercised wisely to meet the facts of each particular case. Bunkley & Morse, Amis on Divorce, § 8.05 (1957). In this case the chancellor was careful to have all the relevant facts before him and on his own motion had a second hearing for further evidence on the question of custody. We are not in a position to say that the chancellor erred in permitting the father to have custody of this child for two months in the summer. This child is now of school age, or will be by the beginning of the next school year. It is important for a child to have the guidance of a father as well as the special care that only a mother can give. We cannot say that the two summer months with the father are undesirable for the child. We prefer to leave this matter to the sound discretion of the chancellor. (209 So.2d at 188).
Also see Sanderson v. Seaney, 224 So.2d 862 (Miss. 1969) and Davis v. Holland, 239 Miss. 514, 123 So.2d 850 (1960).
There is no indication that the home environment of the appellee is such as to be detrimental to the child nor is there any evidence that the appellee is unfit to have temporary custody awarded to him. Therefore, in view of these past decisions and being mindful of the broad discretion vested in the chancellor in the matters of this nature, we are of the opinion that appellant's assignment with regard to the child's custody is without merit.

II.
The appellant also contends that the court erred in granting the appellee the exclusive right to the child during the Christmas Holidays, specifically, from December 23 until December 26. The appellant maintains that this custody arrangement is not in the best interest of the child because, during the short formative years of childhood, the Christmas season is the basis for memories that are retained throughout life, and at no other time of the year does a young child so intimately associate with home and those with whom it is shared.
In this regard, we point out that the appellee did not seek custody of the child during the Christmas season but only requested that he be granted custody during the summer months with reasonable rights of visitation in Nashville during the year, or at such other place as the appellant may reside. Therefore, the decree of the chancery *457 court is modified to the extent that the provision granting the appellee exclusive right to the child during the Christmas Holidays, specifically from December 23 until December 26, is set aside and cancelled. Under the remaining provisions of the decree, the appellee will have ample opportunity to visit with the child during the Christmas Holidays.

III.
We have carefully considered the appellant's contention that the award of child support is insufficient and are mindful that $75 per month is a small sum when viewed in the light of today's inflationary prices. However, it is to be noted that the appellee is paying $250 per month toward the support of three other children by a former marriage which brings his total payments of child support to $325 per month. Therefore, in view of the undisputed testimony that his cash income for 1971 was only $1,041 plus his meals, lodging, and other necessities from his parents, and that he apparently had an arrangement with them to provide the $250 a month he is obligated to pay to his other children, we are unable to say from this record that the chancellor was manifestly wrong in awarding appellee the sum of $75 per month as child support. In speaking to this proposition, this Court said in McInnis v. McInnis, 227 So.2d 116 (Miss. 1969) that:
The amount allowed for the support of the children depends largely upon the financial condition of the father and the needs and circumstances of the children; however, this is an issue of fact to be determined by the trial court. Unless the decree awarding child support is so inadequate or so excessive as to be unreasonable or arbitrary, or wholly fails to take into consideration the evidence as to the needs of the children and the ability of the father to pay, this Court will not reverse a decree of the trial court. (227 So.2d at 117).
We would point out that if the appellee secures a more financially rewarding position at some later date, the present award of child support can be modified if the chancellor determines such modification is warranted.

IV.
The appellant finally contends that the court erred in ordering the appellant to post a $2,500 bond to insure her faithful performance of the decree of the court with respect to the custody of the child. However, this Court has in the past recognized the authority of the chancellor to require such bond in a proper case. In Taliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949), Mrs. Taliaferro was granted custody of her son with the provision that she enter into a bond in a penalty of $7,500 payable to her husband, conditioned on having the child before the Chancery Court of Lowndes County to abide by any order that the court should make in the future. Likewise, in the case of Tighe v. Moore, 246 Miss. 649, 151 So.2d 910 (1963), where the wife was awarded custody of the two minor children of the marriage, the Chancery Court of Hinds County, in granting the wife permission to take the children out of the jurisdiction of the court to Arkansas, required her to execute a bond in the sum of $1,000, conditioned that she would faithfully perform all of the obligations set forth in the decree and would thereafter submit herself and the children to the jurisdiction of the court. This Court relieved the wife from further liability under the bond only where the record indicated that she had subsequently become a permanent resident of the state.
In Campbell v. Lovgren, 175 Miss. 4, 166 So. 365 (1936), this Court said:
That the result of the decree in the case at bar will permit the removal of the child beyond the limits of this state is not controlling. The power of a court having control of the custody of children to permit their removal beyond the limits of the state, and to require a proper *458 bond for their return, is very generally recognized by the courts, and while such power should be exercised with caution, and under proper restrictions, it should not be made possible to destroy the controlling consideration that the best interest of the child shall be conserved, by denying the existence of such power. (175 Miss. at 11, 166 So. at 367).
In light of the authorities cited above, we are of the opinion that the chancellor was correct in requiring the appellant to enter into a $2,500 performance bond. However we are also of the opinion that in view of the necessitous circumstances of the appellant, the appellee should be required to pay the premium on the bond. Therefore, the decree of the chancery court is further modified to the extent that the appellee is required to pay the cost of the premium on the $2,500 performance bond.
Affirmed as modified.
GILLESPIE, C.J., and PATTERSON, INZER and BROOM, JJ., concur.