SUGG, Justice:
This appeal by Aletha Abbott Branton is from a decree of the Chancery Court of Washington County on her original and amended petition to enforce an agreed decree entered in her suit for separate maintenance and support.
Appellant filed her original petition on November 9, 1972 to enforce an agreed decree dated September 12, 1972. After the original petition was filed, appellee delivered title to an automobile as required by the decree, and paid $2,000 on the $850 monthly separate maintenance which was in default. Appellant then filed an amended petition to enforce the decree and charged that appellee was no longer in de *507 fault with respect to these two items, but charged that he was in default because he had failed to deliver to her all assets solely in her name and had failed to pay her the $50,000 required under paragraph (e) [1] of the original decree.
The chancellor determined that all of the personal assets of appellant had been delivered to her, but that the appellee was in default of the requirements of paragraph (e) and ordered him to pay appellant $10,887.31 within 30 days.
We affirm the chancellor in all matters except his failure to allow appellant a fee for her attorney. Both appellant and appellee are able to pay their respective attorney’s fees, but in this case it would be inequitable for appellant’s recovery under the original decree to be diminished by the amount of the fee of her attorney. The action filed by appellant was filed because appellee failed to comply with the decree. Following the default of ap-pellee, it was necessary for appellant to secure the services of an attorney to recover the award made to her in the agreed decree of September 12, 1972; therefore, ap-pellee should be required to pay the expense caused by his default. We therefore reverse and remand for a hearing for the sole purpose of fixing an attorney’s fee to be allowed appellant for representation on her original and amended petition to enforce the agreed decree.
Appellant also claims that a terfipo-rary injunction issued by a member of this Court was not obeyed and enforcement of the temporary injunction is sought on this appeal. The temporary injunction involves another question in the litigation between the parties and was not issued in aid of the decree appealed from. Following issuance of the temporary injunction, no further proceedings were had in the trial court with respect to the questions involved therein. We hold that the matters pertaining to the injunction are not properly before this Court because there has been no trial and final decree; therefore, we decline consideration thereof until a final decree is rendered by the trial court.
Affirmed in part, reversed in part and remanded.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.

. That all bank accounts, certificates of deposit, securities, and other assets in the name of complainant and defendant shall be divided and distributed equally between them as follows: all of such assets shall be delivered immediately to the respective banks or other issuing institutions for equal division and distribution between complainant and defendant as soon as practicable hereafter but not later than maturity; in the event the aggregate amount paid to complainant pursuant to the provisions of this paragraph and the immediately preceding paragraph of this decree shall be less than the aggregate sum of $50,000.00, then the deficit shall be paid by defendant to complainant out of defendant’s separate assets as soon as the amount of such deficit, if any, is determined.