373 So.2d 816 (1979)
Robert L. ROGERS, Jr.
v.
Jacqueline Hines ROGERS (Beal).
No. 51199.
Supreme Court of Mississippi.
August 8, 1979.
Zachary & Gillespie, Francis T. Zachary, Jere R. Ramsay, Hattiesburg, for appellant.
Michael J. Malouf, Jackson, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Robert L. Rogers, Jr. filed suit in the Chancery Court of the Second Judicial District of Jones County for modification of a final divorce decree, seeking reduction in child support payments because of a substantial change in circumstances of the parties and seeking custody of the minor child. The chancellor held that the permanent care and custody of the child should remain with Jacqueline Hines Rogers Beal, his mother, and fixed visitation rights of the parties, but declined to change child support payments and to divide personal property. The chancellor refused attorney's fees for Mrs. Beal. Rogers has appealed and Mrs. Beal has cross-appealed as to attorney's fees. Appellant assigns the following errors in the trial below:
(1) The lower court erred and abused its discretion in finding that the best interest of the child would be served by allowing his permanent care, custody and control to remain in the appellee rather than being awarded to the appellant.
(2) The lower court erred and abused its discretion in finding that the best interest of the child would be served by modifying extended periods of visitation between the child and appellant to a minimum and to a restricted visitation schedule.
(3) The decree of the lower court is contrary to the law and the overwhelming weight of the evidence.
Appellant and appellee were married on August 6, 1969, and cohabited as husband and wife until January, 1976. Robert L. Rogers, III was born to the union on November 24, 1973. During the month of January, 1976, appellant left appellee and on February 27, 1976, appellee was granted *817 a divorce on the ground of habitual cruel and inhuman treatment. The decree provided that appellant pay for the higher education of the child; that he maintain medical and hospital insurance for the child until he shall have attained the age of twenty-one (21) years; that he pay the sum of three hundred dollars ($300.00) per month as child support; that appellant convey the home of the parties to appellee; that appellee have custody and control of the child; that appellant have the right of visitation with said child at reasonable times and upon reasonable notice to appellee; and that extended periods of visitation by the father with the child be arranged upon mutual agreement of the parties.
On June 8, 1976, appellant filed a petition to modify the provision of the decree relating to child support. He contended that a material change in circumstances had arisen because of his inability to pay child support. On August 13, 1976, a decree was entered by the chancellor ordering that appellant pay to appellee two hundred dollars ($200.00) per month alimony for a period of twenty-four (24) months and that he pay the sum of three hundred dollars ($300.00) per month as child support. On September 10, 1976, an agreed final decree was rendered withdrawing the August 13, 1976, decree. It provided that appellant pay to appellee twenty-four hundred dollars ($2,400.00) lump sum alimony and two hundred fifty dollars ($250.00) per month child support. In addition, appellant was responsible for all medical, hospital and dental bills covering the minor child. All other provisions of the decree dated February 27, 1976, remained in full force and effect.
Soon after the divorce between the parties, appellant remarried and appellee remarried the following year. From October, 1976 until September, 1977, the child spent approximately ten (10) consecutive days per month in the home of appellant but the extended periods of visitation were terminated by appellee in September, 1977. Thereafter, appellee only permitted visitation rights as provided by the final decree.
The evidence is, as usually occurs in such cases, in serious conflict. Evidence for appellant indicates that he is heavily in debt [his monthly income exceeds fifteen hundred dollars ($1,500)], that it would be for the best interest of the child to be permanently in the father's care and custody, and that he is entitled to a division of certain household property which was not covered in the divorce decree. The evidence for appellee reflects that the support payments in the amount stipulated in the agreed decree are necessary for the adequate support and care of the child, that it is for the best interest of the child that his permanent care and custody remain with appellee, and that the household property was given to her by appellant as a part of the property settlement when he deeded to her his interest in the home.
Upon such conflicting evidence, the court held that there was no material change in the circumstances of the parties which would justify a change in custody or reduction of support payments or division of personal property. However, he did define visitation rights of appellant with the child.
In Bowden v. Fayard, 355 So.2d 662 (Miss. 1978), this Court restated the rule that once custody of a child has been awarded, the custody will not be changed unless there is a material change in the circumstances adversely affecting the best interest of the child.
The evidence reflects that the child is a gifted child and appellant urges that the court should be persuaded to grant him full custody upon the testimony of Dr. Ellen Eno, a clinical psychologist and a professor at the University of Southern Mississippi, who teaches graduate clinical psychology students. She recommended that custody of the child be granted to appellant largely upon the results of a personality test which she administered to him. She admitted that she had not given appellee such a test and that she did not know whether or not appellee would so qualify from the test. Appellant further contends that if the Court declines to grant him full custody of the child, he should at least be granted *818 visitation for the entire summer and relies upon McCormick v. McCormick, 293 So.2d 454 (Miss. 1974). The appellant also argues that this Court should change the "manifest error rule" and substitute therefor our opinion and judgment in accordance with the changing times (mores). We decline to change the well-established rule and cannot say that the chancellor was manifestly wrong in refusing to modify the decree of February 27, 1976, as amended on August 13, 1976.
The appellee is employed and earns an income of five hundred fifty dollars ($550.00) per month. The chancellor declined to allow her attorney's fees. The record reflects that appellant, a lawyer, filed a petition to modify the original decree on June 8, 1976, and he instituted an appeal from the decree pursuant thereto on August 11, 1976. On September 10, 1976, an agreed decree was entered which effectively dismissed the appeal. On July 20, 1977, appellant again filed a petition to modify the decree and on October 3, 1977, filed an amended petition to modify. He has now appealed from the decree on that petition. In his opinion, the chancellor made the following statement:
"[W]hen it originally came up for divorce, I told the two lawyers then that it ought to all be worked out before it was ever done, and because you were a lawyer and I was familiar with both of you, I gave both of you a greater opportunity to work out your problems than I would the average person, and you have not made any progress in working it out. When you sit and read that file, Bobby, you have been through three lawyers  you've been through three lawyers, and we still don't have anything solved. It's still arguing about knives and forks, who ought to get what, and it ought to have been done a long time ago... ."
Appellee contends that she has been harassed on account of the continuing litigation over the child and that her support money and income has been, and is being, depleted by that litigation. We think there is merit to that contention. We are of the opinion that the chancellor should have allowed five hundred dollars ($500.00) attorney's fees for representation in the lower court (two days' trial), and we allow two hundred fifty dollars ($250.00) attorney's fees for representation here.
The cause is affirmed on direct appeal, and reversed on cross-appeal, and judgment is entered here for appellee and cross-appellant in the sum of seven hundred fifty dollars ($750.00) attorney's fees.
AFFIRMED ON DIRECT APPEAL, REVERSED AND RENDERED ON CROSS-APPEAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.