380 So.2d 1262 (1980)
Olyn Lee WRAY
v.
Hilda E. Nelson Wray LANGSTON.
No. 51705.
Supreme Court of Mississippi.
March 5, 1980.
James C. Waide, West Point, for appellant.
James C. Helveston, West Point, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
The Chancery Court of Clay County rendered a decree April 4, 1979, which modified a divorce decree dated February 20, 1975, and increased child support payments to two hundred dollars ($200.00) per month, ordered Olyn Lee Wray to pay unto Hilda E. Nelson Wray Langston seven hundred fifty dollars ($750.00) attorney's fees, and denied the petition of Wray to vacate that part of the divorce decree which required him to transfer his interest in homestead property to Langston. Wray has appealed from the judgment and assigns three (3) errors in the trial below.

I.

Did the lower court err in refusing to vacate that part of the divorce decree requiring Wray to transfer his interest in homestead property to Langston?
Appellee instituted a divorce action against appellant, charging habitual cruel and inhuman treatment, and, after a trial on the merits, the chancellor entered a decree *1263 February 20, 1975, divorcing them, granting custody of two (2) minor children of the parties to appellee, and requiring appellant to pay three hundred dollars ($300.00) per month child support. The decree also provided the following:
"Came the parties through their attorneys and announced to the Court that all matters of child support, child custody, and property rights have been settled, and the Court having considered said agreement finds that the agreement should be approved and ratified by the Court and made a part of this decree.
The Defendant, Olyn Lee Wray, is ordered to execute a quit claim deed to any right, title, and interest he may have in either the home or the furnishings therein, as agreed by the parties, with the Complainant assuming all outstanding liabilities against said home."
The decree was approved as to form by attorneys for the parties. No appeal was taken from that final decree.
Appellant now contends that he was required to divest himself of real property by the court, which had no authority to do so, and cites Bond v. Bond, 355 So.2d 672 (Miss. 1978); Bridges v. Bridges, 330 So.2d 260 (Miss. 1976); Hudson v. Hudson, 284 So.2d 299 (Miss. 1973); and McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950).
The above cases correctly state the rule that a court is without authority to divest a spouse of his or her property. However, in the present case, the parties agreed in a property settlement that appellant deed his interest in the homestead unto appellee, and the decree followed that agreement in directing the appellant to convey such interest to appellee. The record reflects that, acting pursuant to the agreement and decree, appellant, without objection, executed a deed of conveyance to appellee.
Griffith, Mississippi Chancery Practice, Section 618, at 664 (2d ed. 1950), states:
"[A] consent possesses the attributes of a contract and, when duly authenticated and especially after being filed, it is binding on the consenting parties, if competent to contract, and cannot be set aside or reviewed, except on a clear showing that it was obtained by fraud or the substantial equivalent thereof, or was based on mutual mistake."
The above rule has been followed in Dibrell v. Carlisle and Humphries, 51 Miss. 785 (1875) and Hiatt v. Barker, 194 So.2d 495 (Miss. 1967).
In Guthrie v. Guthrie, 226 Miss. 190, 84 So.2d 158 (1955), this Court held that a consent decree can be set aside only when the following circumstances exist:
(1) [T]he facts constituting the fraud, accident, [or] mistake or surprise must have been the controlling factors in effectuation of the original decree, without which the decree would not have been made as it was made.
(2) The facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved.
(3) The facts must not have been known to the injured party at the time of the original decree.
(4) The ignorance thereof at the time must not have been the result of the want of reasonable care and diligence.
We hold that the divorce decree of February 20, 1975, did not, of itself, divest title from appellant, but simply set out and followed the agreement of the parties, which was incorporated into the decree, and subsequently was performed by appellant. Also, there is no merit in the argument that the oral agreement violated the Statute of Frauds.

II.

Did the lower court err in increasing support for a child of the parties to two hundred dollars ($200.00) per month, in order to defray college expenses?
Appellant admits that Tammy Wray, 19-year-old daughter of the parties, meets the qualifications expressed in Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960), and that he is financially able to contribute to the support *1264 of the child and for college expenses. However, he contends that appellee has substantial income and assets, and that she is equally responsible for paying support and for the education of Tammy. He also argues that the court considered expenses in computing costs of attending college which were not allowable.
The chancellor found that appellant's income for the year 1978 was seventeen thousand five hundred thirty-five dollars ($17,535.00), that appellee's income was eleven thousand eight hundred sixty dollars fifty-three cents ($11,860.53), and that Tammy earned five hundred dollars ($500.00) during the summer. The chancellor further found that the total support required for the child, including college expenses, was five thousand eight hundred twenty dollars ($5,820.00) annually, and that one-half (1/2) of said total amount was twenty-nine hundred ten dollars ($2,910.00) and, allowing $500.00 credit for sums earned by her, the figure for one-half child support is reduced to twenty-four hundred ten dollars ($2,410.00). Appellant was ordered to pay into the registry of the court $200.00 per month for the support and education of Tammy beginning in April, 1979.
We are unable to say that the chancellor was manifestly wrong in her finding of fact and in increasing the support by fifty dollars ($50.00) to an aggregate sum of $200.00 per month. Appellee will pay an amount toward support and education of the child equal to, or in excess of, that sum. The duty of a parent to provide a college education for his or her child contemplates support in addition to tuition and college costs, without which, provision for the college education would be in vain.

III.

Did the lower court err in allowing seven hundred fifty dollars ($750.00) attorney's fees for appellee?
Appellant contends that appellee had an estate sufficient to pay her attorney and cites Bernard v. Bernard, 43 So.2d 727 (Miss. 1949) and Robinson v. Robinson, 112 Miss. 224, 72 So. 923 (1916), as authority that attorney's fees should not have been allowed.
In Gresham v. Gresham, 199 Miss. 778, 25 So.2d 760 (1946), this Court said:
"The appellant brought her [appellee] into court on [the] matter ... seeking, without justification, an alteration of his liability to her from a court decree fixing it, and we think [he] should pay her an attorney's fee. Otherwise, he could sue her as often as to impose an oppressive burden on her allowance in resisting his repeated applications." 199 Miss. at 785, 25 So.2d at 762.
In the case sub judice, suit was brought by appellee for the purpose of enforcing payment of support money (appellant terminated $150.00 per month payments for support of Tammy when she finished high school) for the child and for the purpose of increasing that support. Appellant was found to be in contempt of the court for failure to pay same. In Spradling v. Spradling, 362 So.2d 620 (Miss. 1978), we held that a divorced wife was entitled to $750.00 attorney's fees on a modification petition filed by her ex-husband and in Branton v. Branton, 302 So.2d 506 (Miss. 1974), the Court stated:
"We affirm the chancellor in all matters except his failure to allow appellant a fee for her attorney. Both appellant and appellee are able to pay their respective attorney's fees, but in this case it would be inequitable for appellant's recovery under the original decree to be diminished by the amount of the fee of her attorney." 302 So.2d at 507.
See also Rogers v. Rogers, 373 So.2d 816 (Miss. 1979).
We are of the opinion that the chancellor correctly allowed attorney's fees. The motion here for attorney's fees is sustained and allowed in the amount of three hundred seventy-five dollars ($375.00).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.