218 So.2d 5 (1969)
Judy SEANEY
v.
James W. SEANEY, Sr.
No. 45382.
Supreme Court of Mississippi.
January 27, 1969.
Barnett, Montgomery, McClintock & Cunningham, Ross Barnett, Jr., Jackson, for appellant.
Ernest L. Shelton, Jackson, David Williams, Brandon, for appellee.

ON MOTION
SMITH, Justice.
Judy Seaney seeks to appeal with supersedeas from a decree of the Chancery Court of Rankin County dated September 27, 1968, and styled "Temporary Decree," which purports to modify a decree of that court entered June 6, 1968. The earlier decree had granted appellant a divorce from appellee, James W. Seaney, Sr., and had awarded to her the custody of their 3 year old child.
Appellee, James W. Seaney, Sr., has moved to dismiss the appeal upon the ground that the decree sought to be appealed from is interlocutory in character and does not come within any of the categories enumerated in Mississippi Code 1942 Annotated section 1148 (1956) in which interlocutory appeals are permitted.
The proceedings out of which the present appeal arose were begun on August 6, 1968, by appellee with the filing of a petition to modify the provisions of the June 6th decree relating to custody of the child. On September 27, 1968 three decrees were *6 entered consecutively by the chancellor. First, a decree was entered entitled "Decree Modifying Former Decree." This decree made certain modifications in the custodial provisions of the June 6th decree and was predicated upon this recital: "* * * the court being fully advised and is satisfied and does find * * *" Later on the same day, the court, on its own motion, entered an order vacating this decree. Later still, but on the same day, the court entered the decree from which appellant now seeks to appeal. This decree is styled "Temporary Decree," and contains substantially the same changes from the custodial arrangements established by the June 6th decree. It recites: "* * * the court having heard all of the evidence and being fully advised is satisfied and does find * * *" The objective of the present appeal is the reversal of this decree and reinstatement of the custodial provisions of the June 6th decree.
Recitals in appellant's brief are to the effect that the "Temporary Decree" was entered arbitrarily by the chancellor, without hearing any evidence whatever, that it is by its terms a final decree, and that the record before us on this appeal is sufficient to demonstrate that the chancellor was manifestly wrong in modifying the June 6th decree and to warrant reversal by this Court.
The appeal record filed in this Court consists exclusively of the pleadings, decrees and certificates of the clerk and court reporter, the certificate of the latter reciting: "I did not make any notes of any testimony or evidence in the above styled cause at the September, 1968 term of the court, including September 27, 1968."
No evidence, either oral or documentary, except as noted, appears in the record. In Griffith, Mississippi Chancery Practice section 675 (2d ed. 1950) it is stated that: "the appellate court is confined to the face of the record in the trial court * * It cannot accept affidavits, or statements or even evidence as to any facts not a part of the trial record * * *"
Of the several recognized methods whereby a record of trial proceedings may be preserved for use on appeal, none seems to have been pursued in this case. The present record is silent as to any offer of proof by appellant nor does it reflect a denial by the court of such an offer. Nor does it appear that a bill of exceptions was reserved or sought. Mississippi Code 1942 Annotated § 1313 (1956).
Appeals from interlocutory decrees are not favored and are limited to the cases categorized in section 1148, supra. Griffith, Mississippi Chancery Practice section 609 (2d ed. 1950) contains a discussion of the question of when a decree is a final decree:
An interlocutory decree is one made by the court during, and with regard to, the progress of the case, and which embodies a determination of some matter preparatory to the full hearing on the merits or which is conservative of the interests of the parties pendente lite; or which while affecting the merits yet reserves, either in terms or by necessary implication, some portion of the merits for future adjudication: in brief, any decree that precedes the final decree is an interlocutory decree. A final decree is one which finally determines and settles the case on its complete merits  which neither omits nor reserves any of the material issues with respect to the merits  and leaves nothing remaining to be done, except those merely formal, or ministerial or executive subsequent orders or decrees necessary or proper to enforce the final decree. The decree is final when it terminates the actual litigation between the parties and leaves nothing to be done except to enforce what has been determined.
In paragraph 627 of the same work, Judge Griffith states that a decree should contain a statement of the pleadings upon *7 which it is based and "if also upon evidence oral or documentary it makes a brief statement of that fact, but it makes no attempt to describe the pleadings otherwise than by their names, and does not undertake to state the substance of the evidence. And while a decree may recite the findings of fact, such a recital is usually not attempted."
Griffith, Mississippi Chancery Practice section 594a (2d ed. 1950) comments upon Mississippi Code 1942 Annotated section 1390 (1956). This statute provides:
"[T]he chancery court in all litigated cases, upon the request of any party to the suit, shall find the facts specially and state separately its conclusions of law thereon, and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the Supreme Court."
The succeeding section emphasizes the necessity for a request for such findings. Section 676 of Judge Griffith's work contains a discussion of reasons underlying the principle that questions not raised in the trial court may not be considered on appeal. In Griffith, Mississippi Chancery Practice section 580a (2d ed. 1950) Judge Griffith comments upon the necessity of offering proof and making a record of its rejection by the trial court in order that the error of that court in rejecting it may be considered on appeal. In support of the rule he cites Sanders Cotton Mill, Inc. v. Moody, 189 Miss. 284, 301, 195 So. 683 (1940) and Herrin, Lambert & Co. v. Daly, 80 Miss. 340, 31 So. 790 (1902).
As previously mentioned, the decree sought to be appealed from recites "the court having heard all of the evidence and being fully advised is satisfied and does find * * *" It is a rule firmly established in our practice that the decrees of our chancery courts import absolute verity. In paragraph 633 Judge Griffith states the rule as follows:
After final adjournment it is the general rule that the record of the decree as entered on the minutes imports absolute verity.
It is argued that the reporter's certificate that she "* * * did not make any notes of any testimony or evidence * *" makes it necessary to infer that the chancellor heard none. With this we cannot agree. Leaving aside the fact that the statement in the certificate, as an answer to the question under consideration, is in form a negative pregnant, such an inference could not be reconciled with the recital in the decree that the chancellor did hear evidence and the latter must prevail under the above rule.
On the record now before this Court, it must be assumed that the recital in the decree to the effect that the court heard evidence is true. Moreover, the further assumption must be made, certainly in the complete absence of anything to the contrary, that the evidence warranted factual findings by the chancellor which supported his modification of the decree of June 6, 1968.
It has not been made to appear by the record on this appeal in any manner recognized by law or by the rules of this Court that appellant was deprived of the right to present evidence or that the decree was not supported by evidence.
Manifestly the decree was intended only to deal with the "temporary custody" of the child. There can be no question, of course, that appellant was and is entitled to a full evidentiary hearing upon the merits as to whether there has occurred such a substantial change in circumstances and conditions since the entry of the June 6th decree that its modification is warranted. We cannot assume on the record here that such a full hearing upon this issue *8 will be denied her at the next term of the Chancery Court of Rankin County, to which the case was continued by the decree in question.
This Court has said in Alexander v. Hancock, 174 Miss. 482, 164 So. 772 (1935), sug. of error overruled, 174 Miss. 498, 165 So. 126 (1936):
We must decide cases on the facts shown by the record, not by assertions of fact made in briefs or suggestions of error, however sincere counsel may be in those assertions. Facts asserted to exist ought to, and must, be definitely proved and placed before us by a record thereof certified as required by law; otherwise we cannot, in law, know them. 174 Miss. at 498, 165 So. at 126.
In Bunkley and Morse's Amis, On Divorce And Separation In Mississippi section 16.08 (1957) it is stated:
The custody and support of children may be decreed by the court in any divorce or separate maintenance proceeding or on a writ of habeas corpus. In every such case the decree is conclusive of the facts then existing. The court will always hear and inquire into any substantial change of circumstances and make such new decree as the facts may seem to warrant. * * * Such decrees sometimes provide that the child shall not be taken out of the state, or county without the consent of the court.
We have, probably, extended the discussion in this extraordinary case beyond that which ordinarily would have been necessary to dismiss a premature appeal. We have done this chiefly because, upon its face, the record reflects that the change ordered, upon a temporary basis, in the custody of a child of tender years, will be a drastic one. The welfare and best interests of the child are, of course, the primary concern of the equity court.
Moreover, we note that a regular term of the Rankin County Chancery Court will convene in February, 1969, at which there will be an evidentiary hearing upon the merits of the key issue, that being whether there has or has not been such a substantial change in circumstances since the entry of the final decree of divorce on June 6th, wherein custody was awarded to appellant, as will warrant its modification. The temporary decree in its character as such, neither forecloses that issue nor does it constitute res judicata as to it.
The present appeal will be dismissed as premature, but without prejudice. However, in the exercise of the broad equity jurisdiction of this Court as established and preserved in the Constitution and laws of Mississippi and particularly of such jurisdiction with respect to infants,[1] in the best interests of the child and to prevent the unnecessary disruption of the existing custodial arrangements during the brief time remaining before the matter can be heard and finally disposed of upon its merits, the supersedeas heretofore granted shall continue and remain in effect until entry of the decree following an evidentiary hearing upon the merits, and during the interval appellant shall not be considered in default for failure to comply with the temporary decree. Upon entry of the decree following a hearing upon the merits of the cause, the supersedeas upon this appeal shall be and stand dissolved.
Appeal dismissed as premature. Supersedeas retained for time being and as set out in opinion.
All Justices concur.
NOTES
[1] Davis v. Davis, 194 Miss. 343, 12 So.2d 435 (1943). The equity powers thus recognized and established include the jurisdiction over infants, including the right and duty to protect their interests and welfare by decreeing their custody, should not be questioned.