ON APPLICATION FOR INTERLOCUTORY APPEAL WITH SUPERSEDEAS
On June 6, 1968, the Chancery Court of Rankin County, Mississippi, granted petitioner, Mrs. Judy Seaney Sanderson, a divorce from James W. Seaney, Sr., and custody of their three-year old son, with right in the father to have the child with him from June 1 to August 31. Seaney was to pay $75 per month for child support. The decree provided that Mrs. Sanderson should have the right to live with her child in Grand Prairie, Texas, where her parents then lived. No appeal was taken from this decree, and it became final.
In August 1968, Seaney filed a petition for modification of this decree. On September 27, 1968, the chancery court entered a decree modifying the former judgment, and awarding temporary custody of the child to appellee until appellant established a residence and employment in Mississippi "satisfactory to the court," when custody would revert to the terms of the decree of June 6, 1968. The decree also stated that appellant would have custody only so long as she maintained her residence at a particular street address in Rankin County. However, the court on the same day set aside that decree and entered another entitled "temporary decree," with substantially the same provisions.
Following the "temporary decree" of the chancery court on September 27, 1968, one of the Judges of this Court granted an interlocutory appeal with supersedeas, but on further consideration by the entire Court, the appeal was dismissed as premature, since the chancellor apparently intended to take additional evidence at the next term of court. Seaney v. Seaney,218 So.2d 5 *Page 863 
(Miss. 1969). However, supersedeas as to the custodial provisions of the "temporary decree" was continued and kept in effect "until entry of the decree following an evidentiary hearing upon the merits * *"
The opinion of this Court observed that there could be no question that appellant was entitled to a full evidentiary hearing upon the merits, on the sole issue of whether there had occurred such a substantial change in circumstances that modification of the original decree would be warranted; and that this Court could not assume that such a full hearing on this limited issue would be denied appellant at the next term. It was further noted that the next term of the chancery court would convene in February 1969, "at which there will be an evidentiary hearing upon the merits of the key issue." (218 So.2d at 8)
Nevertheless, there was no hearing at the February 1969 term, but one was held on June 4, 1969. It was on Seaney's petition for modification of the June 6, 1968 decree.
The June 10, 1969, decree, to which the present application is directed, is again entitled a "temporary decree," although it recites that the court had "heard all of the evidence and * * * (was) fully advised." It ordered that Seaney should have custody of the child until three o'clock P.M., June 14, 1969, and thereafter Mrs. Sanderson should have temporary custody until further order of the court, with the father having the right to have the child on the first and third weekends of each month from Friday afternoon until Sunday afternoon. Child support payments remained the same. Although this "temporary decree" did not tell Mrs. Sanderson precisely where she should live in Rankin County, Mississippi, it nevertheless forbade her from taking the child to the home of her husband in Mesquite, Texas, when it directed that the child should not be removed from this State.
After the chancellor denied permission for an interlocutory appeal and a stay from this decree of June 10, 1969, Mrs. Sanderson filed this application for leave to appeal with supersedeas from the "temporary decree" modifying the former final decree.
For present purposes, and because there is now no transcribed record, we will assume that the decree of the chancery court of June 10, 1969, is in fact an interlocutory decree. That question can be considered more comprehensively when the entire record of the hearing is filed in this Court.
Mississippi Code 1942 Annotated section 1148 (1956) provides that an appeal from an interlocutory order of the chancery court may be granted on several grounds, including "in exceptional cases to avoid expense and delay * * *" This is an exceptional case, under all of the circumstances. Moreover, the allowance of an interlocutory appeal would avoid expense and delay. Considerable delay has already resulted. The issue is very limited, namely, whether there has been a substantial change in conditions and circumstances since entry of the decree of June 6, 1968, and whether such changes, if any, materially affect the child's welfare adversely. Only an affirmative finding on this issue would warrant modification of the original decree.
The first opinion of this Court on this matter dismissed the application for an interlocutory appeal from an earlier "temporary decree," but stated that appellant was entitled to a full evidentiary hearing upon the merits at the next term of the chancery court, and directed that the supersedeas continue in effect until the entry of a final decree on appellee's petition for modification. This final action by the chancery court apparently has not yet occurred.
In addition to this continuing delay on a limited issue, this is an exceptional case in which allowance of an interlocutory appeal will avoid considerable expense to appellant. As was said in Brocato v. Walker, 220 So.2d 340 (Miss. 1969),
 The child should not be, and may not be, used as a pawn to prevent appellant from following her husband (who lived and *Page 864 
worked in Texas) wherever their mutual fortune may require them to go. * * * The adventitious circumstance that he should find it in a city 600 miles from Sunflower County should not be the cause or occasion of denying to this child and its mother the home and support which he provides. * * *
 Upon the face of it, there can scarcely be any doubt that the plan prescribed in the modifying decree of shuttling this baby back and forth between San Antonio and Sunflower County would be psychologically damaging and no child should be subjected to such an experience. (220 So.2d at 343-344).
These observations in Brocato are relevant to the present application. Appellant's child, in his young and tender years, is entitled to the attention of his mother. Both of them are entitled to live with her husband wherever the necessities of his employment carry him, at this time, Mesquite, Texas. That city is 440 miles from Rankin County, Mississippi.
Although the "temporary decree" gives appellant custody of her child for most of the time, it renders this privilege nugatory by directing that the child not be removed from this State. Its effect is to require appellant to choose between her husband and her child; she can remain in Mississippi with the child, or live with her husband in Texas. Brocato v. Walker, 220 So.2d 340
(Miss. 1969).
In summary, although appeals from interlocutory or temporary decrees must come within the standards of code section 1148, allowance of this interlocutory appeal with supersedeas is granted because this is an exceptional case and the appeal will avoid unnecessary expense and delay. The ancient maxim that justice delayed is justice denied is especially valid in these days of heavy case-loads in the courts. The fair and efficient administration of justice requires expeditious disposition of cases. Use of a series of "temporary decrees" does not promote that public interest. This practice may in some cases have the effect of depriving a litigant of his statutory and constitutional right of an appeal to this Court. It may also have the impermissible effect of restricting the constitutional jurisdiction of this Court.
Judgment will be entered here sustaining Mrs. Sanderson's application for an interlocutory appeal with supersedeas from the "temporary decree" of the Chancery Court of Rankin County on June 10, 1969. She is required to make a supersedeas bond in the amount of $500, to be approved by the Clerk of this Court, who will also send to the Clerk of the Chancery Court of Rankin County an authenticated copy of this opinion and the resulting judgment which will be entered.
Application for interlocutory appeal with supersedeas sustained.
All Justices concur, except BRADY and PATTERSON, JJ., who were absent and took no part.