BRADY, Justice:
This is an appeal from a decree of fhe Chancery Court of Rankin County, Mississippi, wherein the chancellor modified the final decree of a divorce between the parties by a decree denominated by the chancellor as a temporary order “regarding the custody of a two and a half year old child.” From that decree this appeal is taken.
On January 30, 1968, Mrs. Judy Seaney filed suit against her husband, James W. Seaney, Sr., in the Chancery Court of Rankin County for divorce, permanent custody of their child born December 4, 1965, support of their child, and other relief. *739 The final decree was entered on June 6, 1968, granting her permanent care and custody of the child from September 1 to May 31 of each year, and granting custody to James W. Seaney, Sr., from June 1 through August 31 of each year, plus one week every three months.
This decree was dated June 6, 1968, and gave Mr. Seaney custody through August 31. Mr. Seaney subsequently did not deliver the child to its mother in accordance with the decree’s requirement that he deliver the child to its mother on the following September 1, 1968. The final decree further provided that the mother “shall have the right to live in Grand Prairie, Texas with her parents and shall have the right to have the child with her.” On August 30, 1968, the appellee did not deliver the child to its mother but filed a petition for modification of the decree. On September 27, 1968, a “decree modifying former decree” was entered by the chancellor. A petition for supersedeas was filed on September 28, 1968, by Mrs. Seaney, on which no action was taken by the chancellor, but the chancellor vacated the “decree modifying the former decree” and on the same date, September 27, 1968, entered a “temporary decree” awarding temporary custody of the child to the father until the mother should return to Mississippi and establish a residence and employment in this state satisfactory to the court.
On appeal, the Supreme Court speaking through Justice Smith dismissed the appeal as premature, but ordered the supersedeas to stand dissolved upon entry of a decree following a hearing on the merits. Seaney v. Seaney, 218 So.2d 5 (Miss.1969). On June 10, 1969, after a hearing, the court on oral testimony and stipulation of counsel entered a temporary decree to the effect that the child should not be removed from the jurisdiction of the State of Mississippi except by express consent of the court and continued the cause until the next regular term of court. The Supreme Court granted an appeal with supersedeas and Seaney then delivered the child to Mrs. Judy Se-aney Sanderson, and she carried it to Texas as permitted by the final decree. Sanderson v. Seaney, 224 So.2d 862 (Miss.1969). The appellant kept the child there until she let the appellee have the child for three months as provided by the temporary decree.
In the stipulation of facts it was admitted that Mrs. Seaney was remarried on February 8, 1969, to Morris Sanderson of Mesquite, Texas, which is seventeen miles from Grand Prairie, Texas, where they have lived since then, and that James W. Seaney was remarried on November 23, 1968. It was further stipulated that both parties presently have suitable and adequate housing for the child.
The chancellor found that Mrs. Seaney, now Mrs. Sanderson, had removed the child from Grand Prairie, Texas without the consent or knowledge of the court and without apprising the court of the removal of the child. The chancellor further found that from the evidence the child had been “somewhat neglected.” Finally, the chancellor found that from the evidence it would be to the best interest of the child that he not be removed from the jurisdiction of the State of Mississippi except by the express consent of the court and the chancellor specifically enjoined all parties from removing the child from the State of Mississippi. From this decree an appeal is taken.
The appellant assigns as error that:
1. The trial court committed reversible error in holding that there was substantial evidence of a change in the circumstances on which to base the “temporary order,” i. e., “temporary decree.”
2. The trial court committed reversible error in holding that the mother had no right to move herself and child from Grand Prairie, Texas to Mesquite, Texas, where her husband’s position required him to be.
The appellant in assigning and arguing these errors in his brief requests that the chancellor be reversed and the “temporary *740 decree” set aside, and further that the chancellor he directed to enter a plea directing the appellee to deliver the child into the custody of the mother at Mesquite, Texas, said child to be held by her under the terms of the final decree of June 6, 1968. First, the appellee concedes in his brief that “under the posture of the record before this Court, the authorities cited by counsel for appellant are well taken and that appellant is entitled to a reversal of the temporary decree with directions; keeping in mind always ‘what is for the best interest of the minor child.’ ”
Under the facts as disclosed by the record and the errors assigned, all issues presented for review here are controlled by Brocato v. Walker, 220 So.2d 340 (Miss.1969), Sanderson v. Seaney, 224 So.2d 862 (Miss.1969), and Seaney v. Seaney, 218 So.2d 5 (Miss.1969).
This cause is quite unique. This Court, speaking through Chief Justice Ethridge in Sanderson v. Seaney, supra, on July 3, 1969, advised the Chancery Court of Rankin County, wherein an interlocutory appeal with supersedeas had been granted and which was before this Court for consideration, that this was an exceptional case and that the issue presented by the interlocutory decree could be passed upon more comprehensively when the hearing is filed for record in this Court. Chief Justice Ethridge pointed out that on the first opinion of the Court in this matter the application for interlocutory appeal was dismissed from an earlier decree but stated that the appellant was entitled to a full ev-identiary hearing upon the merits at the next term of the chancery court and directed that the supersedeas continue in effect until the entry of a final decree on ap-pellee’s petition for modification. Chief Justice Ethridge pointed out in the able opinion that the issue in this cause is “very limited, namely, whether there has been a substantial change in conditions and circumstances since entry of the decree of June 6, 1968, and whether such changes, if any, materially affect the child’s welfare adversely. Only an affirmative finding on this issue would warrant modification of the original decree.” In that opinion Chief Justice Ethridge quoted at length from Brocato v. Walker, supra, in which this Court formerly, speaking through Justice Smith, had concisely stated that “the child should not be, and may not be, used as a pawn to prevent appellant from following her husband (who lived and worked in Texas) wherever their mutual fortune may require them to go. * * * The adventitious circumstance that he should not be the cause or occasion for denying to this child and its mother the home and support which he provides.”
Just as it was pointed out by Chief Justice Ethridge in Sanderson v. Seaney, supra, on July 3, 1968, so are the observations in Brocato v. Walker, supra, relevant to the present question. “Appellant’s child, in his young and tender years, is entitled to the attention of his mother. Both of them are entitled to live with her husband wherever the necessities of his employment carry him, at this time, Mesquite, Texas. That city is 440 miles from Rankin County, Mississippi.” It is difficult to understand why the import of this language cannot be appreciated. A repetition of it is certainly unnecessary and therefore the second error urged by the appellant is well taken.
Insofar as there being a substantial change in conditions and circumstances since entry of the decree of June 6, 1968, and whether such changes materially affect the child’s welfare adversely, we wholly fail to find that there have been any. Those which the chancery court based its conclusion on consisted of the fact that the appellant changed her residence from Prairie, Texas to Mesquite, Texas in order to be with her husband, without the knowledge or consent of the chancellor, that the child’s head was dirty when he was picked up by appellee, and that he was “somewhat neglected,” which latter conclusion is a nebulous statement and defies a clear interpretation.
*741 It is not a pleasant assignment to point out that our suggestions have been ignored in that the case was not tried at the regular term of the Rankin County Chancery Court which convened in February 1969 in accordance with our suggestions in the decree in Seaney v. Seaney, supra, of January 7, 1969. This Court pointed out in Sanderson v. Seaney, supra, the fair and efficient administration of justice lies in the expeditious disposition of cases. Use of a series of “temporary decrees” does not promote the public interest. This practice may in some cases have the effect of depriving a litigant of his statutory and constitutional right of an appeal to this Court. It may also have the impermissible effects of restricting the constitutional jurisdiction of this Court. The chancellor herein made an effort to enter a temporary decree instead of a final decree which this Court had hoped would be entered. Instead of a final decree which this Court anticipated and to which the appellant was entitled, the chancellor preferred to designate his decree as a temporary decree which in substance is final in many respects except for the fact that it states, “This cause is continued until the next regular term of this Court.”
For the foregoing reasons the temporary decree of the chancellor is hereby reversed and annulled.
This decision is without prejudice to a determination in a proper proceeding by the appellant, the mother, as to whether the divided custody provisions of the decree of June 6, 1968, are so detrimental to the welfare of the child as to justify or require a modification of those provisions. See Brocato v. Walker, supra, and the cases cited therein.
Reversed, decree dated June 10th, 1969, reversed and annulled; decree of June 6th, 1968, reinstated: judgment entered here accordingly.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.