245 So.2d 845 (1971)
Dorothy D. SISTRUNK
v.
Jerry L. SISTRUNK.
No. 46044.
Supreme Court of Mississippi.
March 15, 1971.
*846 Jerry T. Johnston, Brandon, for appellant.
Dannye L. Hunter, Osborn G. Idom, Forest, for appellee.
INZER, Justice:
This is an appeal by Dorothy D. Sistrunk from a decree of the Chancery Court of Rankin County wherein that court modified a former decree awarding Mrs. Sistrunk the custody of her six year old daughter Marilyn Amelia Sistrunk. The decree as modified awarded the custody of the little girl to appellee, Jerry L. Sistrunk, the father. We reverse and render.
On February 26, 1969, Dorothy Sistrunk was granted a divorce from Jerry Sistrunk on the ground of habitual cruel and inhuman treatment. She was also awarded the custody of Marilyn Amelia Sistrunk, then five years of age. Jerry Sistrunk was required to pay $80 per month for the support of the child.
About six weeks after the divorce Jerry Sistrunk married again and on October 2, 1969, he filed a petition seeking to have the custody decree altered to award him the custody of the little girl. The petition alleged that there had been a material change of circumstances since the rendition of the decree. It was also charged in general terms that the child was not being physically well cared for and was not being properly trained morally and mentally by the mother. It was also charged that the mother was not furnishing the child with the necessities of life or providing the facilities for a proper education for the child, and that she was not giving the child the love and affection that the child needed.
The petition also charged that since the rendition of the decree that Jerry Sistrunk had married again and now had a good home in a good neighborhood to care for the child.
Mrs. Sistrunk answered the petition and denied that there had been any material change of circumstances since the rendering of the decree and denied that she was guilty of any neglect of the child as charged in the petition.
After a hearing the chancellor found that the child had been neglected by the mother, and such neglect made it to the best interest of the child that she be taken from the mother and awarded custody to the father. The principal fault that the chancellor found with Mrs. Sistrunk was at the time the petition was filed she was leaving the child with a babysitter from the time school was out until 11:15 at night when the child was picked up and carried by Mrs. Sistrunk to the apartment where they lived. The court further found that after the petition was filed Mrs. Sistrunk removed the child from Brandon *847 Public Schools and moved into a rented trailer about three miles from Carthage, Mississippi, and that the child was then attending school in Carthage. The chancellor found that the child had not made the ordinary progress in school that she was capable of making and that the child had not had the benefit of the help in her school work that she should have received from her mother.
The record reflects that at the time Dorothy Sistrunk was awarded the custody of the child she was working as a waitress at a cafe in Brandon. While she worked the little girl was being cared for by Mrs. Gladys Sumrall, who lived directly across the street from the school. Dorothy later secured employment at the Brandon General Hospital where her hours were from 2:30 in the afternoon until 11 p.m. After school began, Dorothy carried the little girl to school in the morning and when school was out in the afternoon, the policeman or a teacher would see her safely across the street where Mrs. Sumrall was watching for her. Mrs. Sumrall fed the child her evening meal and put her to bed. When the mother got off from work she picked up the child and carried her to their apartment. Marilyn's first grade teacher at the Brandon School testified that the little girl was not making ordinary progress in school and that in her opinion she needed help at home. However, Dorothy testified that she was helping the child while she was going to school at Brandon and she was continuing to do so at Carthage. She also testified that she moved to Carthage where she could get employment and be near her people. At the time of the hearing she was working at a factory from 7 in the morning until 3:45 in the afternoon. When the child got out of school she was looked after by a sister of Dorothy, until such time as Dorothy reached home.
The principal question to be decided in this case is whether the chancellor was manifestly wrong in finding from the evidence in this case that there had been a material change of circumstances since the rendition of the divorce decree that made it to the best interest of the child that the custody decree be altered so as to give the custody of the child to the father.
It is a well-settled rule in this state that no court is authorized to materially modify or alter a decree awarding custody of a child to one parent unless there has been a material change of circumstances and then only after a finding based upon substantial evidence that such change of circumstances materially affect the child's welfare adversely. Sanderson v. Seaney, 224 So.2d 862 (Miss. 1969); Brocato v. Walker, 220 So.2d 340 (Miss. 1969).
It is presumed that when children are of tender years that the mother is best fitted to have their custody, and that a little girl should be in the custody of her mother unless the mother is an unfit person to have her custody. Mrs. Sistrunk, having been awarded the custody of this little girl, was entitled under the law to retain the custody unless she had forfeited that right by becoming an unfit mother. The chancellor found from the evidence in this case that Mrs. Sistrunk had been guilty of neglect. However, when we consider the evidence in the light most favorable to appellee, it does not reflect that Mrs. Sistrunk has been guilty of that degree of neglect that would render her an unfit parent. The chancellor did not find, and the evidence in this record would not support a finding that Mrs. Sistrunk was so callous or unfeeling towards the child that she neglected her physical needs or otherwise abused or mistreated her. Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 8.03 (1957).
The fact that Mr. Sistrunk had acquired a new wife and was in a position to provide better living conditions for the child is not a sufficient change of circumstances to justify taking the custody away from the mother. When Mrs. Sistrunk was awarded the custody of the little girl, it was no doubt contemplated by the court that she would have to work to earn a living *848 since she was not awarded alimony. Of course, while she was working she would have to have someone else look after the child. Prior to moving to Carthage, Mrs. Gladys Sumrall looked after the child and no one contends that Mrs. Sumrall was not a competent person to do so.
After a careful consideration of all the evidence in this case, we are of the opinion that the chancellor was manifestly wrong in finding that Mrs. Sistrunk had been guilty of such neglect of the child as to render her unfit to have the custody of her little girl. The chancellor was in error in altering the decree so as to award the custody of this little girl to Mr. Sistrunk and this case should be reversed and the former decree awarding Mrs. Sistrunk custody reinstated in its entirety.
Reversed and judgment here for appellant.
All Justices concur except RODGERS, J., who took no part.