BROOM, Justice:
Mrs. Jachne appeals from a decree of the Chancery Court of the Second Judicial District of Harrison County, Mississippi. At a hearing in the absence of appellant, custody of her child was taken from her and awarded to. the child’s father (appel-lee). The chief issue is whether or not sufficient testimony was presented at the hearing to warrant modification of a prior decree.
Appellant and appellee were divorced in 1969. The divorce decree awarded custody of the parties’ minor son, Norman Earl Bleuler, IV, unto appellant. On July 12, 1972 the appellant filed a petition to modify appellee’s visitation rights and to require him to pay child support payments averred to be past due. Appellee answered and by crossbill sought to have child custo *688 dy taken from appellant and awarded to him. He averred that appellant had neglected their son and prevented appellee from exercising his right to visit the child. Appellant never answered the crossbill, and after a continuance the case was set for trial on February 5, 1973. Appellant did not appear at the trial although her counsel participated. In the absence of the appellant, only one witness, the appellee, was presented. It was thereupon decreed that custody of the child (then about five years old) should be taken from appellant and vested in appellee. In a sense the decree provided for split custody — that is, appellant could have the child visit her from Friday to Sunday of each week and for six weeks each summer.
Admittedly appellant failed to appear at the hearing on February 5, 1973. After the hearing but on the same day, appellant called her attorney who advised her that appellee had been awarded custody. She immediately employed other counsel and on the next day filed a motion (which was rejected) to stay the change in custody. In her motion she sought permission to answer the crossbill and to be heard on the merits. She explained her absence from court by testifying that she understood her first attorney was to obtain a postponement or call her to come to court. We recognize the general rule that a trial court, is not required to refuse to hear a cause or postpone a hearing just to accommodate a negligent or dilatory party to the suit. Griffith, Mississippi Chancery Practice § 561 at 582 (2d ed. 1950). When a case is called to be heard and the complainant is absent without excuse, the petition may be dismissed or the defendant allowed to proceed on the merits. Griffith, Mississippi Chancery Practice § 562 at 584 and § 538 at 555 (2d ed. 1950). Mindful of these rules which pertain more to property disputes than to child custody, we find no error on the part of the chancellor in electing to hear evidence even though appellant was absent. The record shows that the chancellor was confronted with the dilemma of a congested docket and an absent litigant. Acting with commendable fairness and restraint, he patiently delayed the proceedings for half an hour in an effort to procure the presence of the appellant.
For a long time this Court has adhered to the rule that custody of a child of tender age should be vested in the mother if she is competent and fit. Kennedy v. Kennedy, 222 Miss. 469, 76 So.2d 375 (1954). To warrant modification of a prior child custody decree, there must have been a substantial and material change in conditions and circumstances since the entry of the decree sought to be modified. Generally such change must adversely affect the child’s welfare. Sanderson v. Seaney, 236 So.2d 738 (Miss.1970); Sanderson v. Seaney, 224 So.2d 862 (Miss.1969). Guided by these rules, we must decide whether appellee’s proof was sufficient to warrant changing child custody from appellant to appellee.
The sole testimony relevant to this question was given by appellee, who said that appellant “leaves the child in the care of people that aren’t reliable. She never takes care of the child by herself. She always leaves the child in the care of somebody and it doesn’t really matter who, and she carries on with men in his presence.” Appellant described the people who kept the child as “young girls and they carry on with men quite a bit at night while they watch the child and they drink intoxicants and they just aren’t the type of people that should keep him . . cheap people.”
Our opinion is that the appellee did not meet the burden of proof to sufficiently establish the averments of his crossbill for modification of child custody. As to the issue of “unfitness” of the appellant, appellee’s testimony was meager at best. Although the testimony was unfavorable to the appellant, as developed at the hearing, it did not clearly establish that the child’s mother was morally unfit. Neither did it establish that the child was so adversely *689 affected by any neglect or improper attention as to warrant modification of the prior decree.
Generally in child custody matters broad discretion is allowed the chancellor. His findings and decree will not ordinarily be disturbed unless the decision is manifestly unwarranted or not sustained by substantial evidence. However, in the record before us there is no finding of fact that (since the original decree fixing child custody was entered) there has occurred any substantial change in conditions and' circumstances which would adversely affect the welfare of the child. Also, the record is devoid of any finding that the appellant was unfit to have child custody. Sistrunk v. Sistrunk, 245 So.2d 845 (Miss.1971). The meager evidence introduced would not adequately support any finding (had it been made) of facts that such a change in circumstances had occurred, or that the mother was unfit. Indeed the split custody aspect of the decree which allowed appellant to have the child with her at stated intervals demonstrates, as in the recent case of Thompson v. Thompson, 278 So.2d 406 (Miss.1973), that the chancellor “rejected the charges of immorality and neglect made against the mother . . . .” There, as here, the father was in default as to his payment of support money which he had been ordered to pay, and such default may have contributed to appellant’s problems in caring for the child.
Although the appellant may have been derelict in not appearing in court, the best interest and welfare of the child is controlling and must be given preeminence over every other consideration. Neither unfitness or neglect on the part of appellant nor material changes in conditions and circumstances were sufficiently established by the testimony adduced as to warrant modification of child custody fixed by the prior decree. Therefore, the decree appealed from is vacated and the cause remanded for further proof and development of the case.
Decree vacated and remanded.
RODGERS, P. J., and ROBERTSON, SUGG and WALKER, JJ., concur.