317 So.2d 897 (1975)
Martha Nell PIKE
v.
Claude Curtis PIKE, Sr.
No. 48229.
Supreme Court of Mississippi.
August 25, 1975.
Eugene B. Gifford, Jr., Booneville, for appellant.
Parker, Averill & Winston, Tupelo, for appellee.
Before PATTERSON, INZER and SUGG, JJ.
INZER, Justice.
This is an appeal by Martha Nell Pike from a decree of the Chancery Court of Prentiss County modifying a former decree relative to the custody of children so as to award custody to the appellee, Claude Curtis Pike, Sr. We affirm.
Appellant and appellee were formerly husband and wife and of their union three children were born. They were divorced by a decree of the Chancery Court of Prentiss County, and this decree by consent of the parties awarded the custody of the children to the mother, with the right of the father to custody on each weekend and during the summer months. Thereafter, the father filed this petition alleging *898 material change of circumstances in that the mother had become morally unfit to have the custody of the children.
After an extensive hearing, the chancellor found that there had been a material change in the circumstances since the rendition of the divorce decree in that the mother had become morally unfit to have the custody of the children. The chancellor stated: "The proof is conclusive that she has on several occasions had and entertained men in her house trailer at night and for the entire night." The chancellor characterized her conduct as promiscuous. It was further found that the proof was overwhelming that people had called at her home at unusual hours and they took intoxicating liquors into and out of the home. He described the events that had occurred in the home since the divorce as "lewd and lascivious." The mother had knowingly and openly associated with people of this character.
The chancellor was requested to make a finding of fact as to whether there was any evidence that the conduct of the mother had any adverse effect on the children. In answer to this request, the chancellor stated:
Let the record reflect that the Court examined the children in Chambers, out of the presence of the parties, but in the presence of the court reporter and the clerk of the court. It found the children to be articulate, the demeanor to be excellent, the children to be above-average, and the Court could find no indication of any adverse effect upon the children.
The chancellor found from the proof that although in the past the father had been intemperate in his use of alcoholic beverages, since the divorce he had led an exemplary life, remarried and established a home more than suitable for the rearing of children. He further found that the father had affiliated with a church and seemed to be sincere in his devotion to this church.
The court found that it was in the best interest of the children that the decree relative to their custody be modified so as to award the primary custody to the father, with the right of the mother to have custody on the second and fourth weekends of each month with certain restrictions as to her conduct during the time she had custody of the children.
On appeal, the principal contention of the mother is that the chancellor was not authorized under law to deprive her of the custody of her children because he found that her conduct had not adversely affected the welfare of the children. In support of this contention, appellant relies on the following statement in Sistrunk v. Sistrunk, 245 So.2d 845 (Miss. 1971), wherein we said:
It is a well-settled rule in this state that no court is authorized to materially modify or alter a decree awarding custody of a child to one parent unless there has been a material change of circumstances and then only after a finding based upon substantial evidence that such change of circumstances materially affect the child's welfare adversely. (Emphasis added) (245 So.2d at 847).
Appellant construes this statement to mean that unless the change of conditions has actually had an adverse effect upon the children, the court is without authority to modify the decree. In other words, it is contended that although the environment in which the children are being kept is such that it is probable that it will adversely affect their welfare, the court is without authority to modify the decree until such time as the condition actually adversely affects the children. With this contention, we cannot agree.
It is well recognized that certain conditions adversely affect the welfare of children. Where, as here, the environment is such that the chancellor found that the conduct of the mother in her place of *899 abode was "lewd and lascivious," a condition exists that adversely affects the welfare of the children. The chancellor pointed out that the children were of an impressionable age, and although they had not actually been adversely affected by the conduct of their mother, if they were permitted to continue under such circumstances, it would be detrimental to their welfare. It was his opinion that the best interest of the children required that their custody be awarded to the father. A review of the record in this case convinces us that the chancellor was justified both under the law and the evidence in so holding.
For the reasons stated this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.