355 So.2d 662 (1978)
Noble Clifton BOWDEN
v.
Linda Bowden FAYARD.
No. 49976.
Supreme Court of Mississippi.
February 22, 1978.
*663 Graves, Riley & Meadows, Joseph R. Meadows, Gulfport, for appellant.
Sekul, Hornsby, Wallace & Teel, Biloxi, Jimmy D. McGuire, Gulfport, for appellee.
Before PATTERSON, C.J., SUGG and BOWLING, JJ., and BARNETT, Commissioner.
JAMES ARDEN BARNETT, Commissioner for the Court:[1]
This is an appeal from a decree changing custody of three minor children from the father to the mother. Being in a state of emotional depression in March 1975 due to the recent death of their youngest child, the appellee, Linda Bowden Fayard, then the wife of appellant Noble Clifton Bowden, left him and their three children and moved into an apartment. Appellant filed a bill of complaint for divorce and custody of the minor children in the Chancery Court of the First Judicial District of Harrison County, Mississippi. Appellee filed a waiver of process and entry of appearance and did not contest the bill. On May 14, 1975, a final decree was granted awarding him an absolute divorce and full custody of the three children, subject to reasonable visitation rights in the appellee.
About two and a half months later, appellee remarried, and she and her new husband now have a good home and a son born August 14, 1976. Appellant and his children have continued to live at the same location in Gulfport since moving there in 1973. In August 1976 he married a woman, who at twenty-four years of age was some ten years younger than he. Prior to his remarriage and since the original decree of divorce and custody, appellant used various baby-sitters, including his parents, to help him care for the children. Since the remarriage, his wife cares for them, and they have a good home.
On July 22, 1976, appellee filed a petition to modify the former decree so as to transfer custody from the appellant to her, alleging that she had remarried and recovered from her emotional problem and that it was in the best interest of the children that they be in her custody. At a hearing in vacation, she admitted that Mr. Bowden had done an excellent job of caring for the children, and he admitted that she was now fit but alleged that the children were happy and well cared for and that he and his new wife could continue to provide a good home.
The chancellor found that both parties were indeed fit to have custody of the minor children, but that "the law favors that custody be placed in the natural mother unless the evidence shows she is unfit for their custody. There is no such testimony in this record." He ordered that custody should be transferred to the appellee and that appellant pay child support and have liberal visitation rights. The decree was entered on September 2, 1976, and contained a finding that a material change of circumstances had occurred which merited a change in the custody of the children. The chancellor denied a petition for rehearing or a new trial and entered a ruling reiterating that the father was a good father, but since the children were of tender age and the mother was now a fit and suitable person to have custody, it was in their best interest that custody be transferred from the father to the mother.
If the children of the parties were of tender years in September 1976 when the decree appealed from was entered, they were of even more tender years some fifteen months earlier when the court awarded appellant custody after determining that he was a fit and proper person for it. At that time, we think the court had to have found that it was in the best interest of the minor children that they be placed with their father. The record conclusively establishes that the mother was then not fit for their care and discloses that since being awarded custody, appellant has been an excellent father and has done a good job in *664 raising them. Although the children had at one time demonstrated the effects of the strain and turmoil occurring in their home culminating in divorce, they have improved under the care of appellant and become normal, well-rounded and emotionally well adjusted children.
We find no evidence whatsoever in the record of any material change of circumstances adverse to the children's welfare. In O'Neal v. Warden, 345 So.2d 610 (Miss. 1977), the lower court awarded custody of two minor children, ages three years and fourteen months, to the father where the mother had willingly relinquished their control. Five and a half years later the mother petitioned to modify the decree, alleging that she had remarried, was reformed, and was now suitable and fit to have their custody. This court refused to change custody of the children and stated:
[We have] repeatedly held that when a decree has been entered and has become final which awards custody of a child to one parent that it cannot be materially modified or altered unless subsequent thereto there has been a material change of circumstances and then only after a finding based on substantial evidence that such change of circumstances materially affects the children's welfare adversely. Sistrunk v. Sistrunk, 245 So.2d 845 (Miss. 1971); Sanderson v. Seaney, 224 So.2d 862 (Miss. 1969); Brocato v. Walker, 220 So.2d 340 (Miss. 1969). [345 So.2d at 612].
It is important that children have as much stability as possible when their parents are divorced. Once the court has determined which parent should have custody of the children, then they should be allowed the stabilizing influence of knowing where home is. A material change of circumstances of the party not having custody of the children is not in and of itself enough to warrant a change of custody. There must be a showing that a change of circumstances has occurred which materially affects the children's welfare adversely. We think this was not demonstrated in the court below. Therefore, we are of the opinion the chancellor's decision was against the overwhelming weight of the evidence and must be set aside leaving the original decree of May 14, 1975, still in force and effect.
REVERSED AND RENDERED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.